In the Matter of the Transfer Tax upon the Estate of WILLIAM SCRIMGEOUR, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; WILLIAM R. SCRIMGEOUR and Others, Respondents.

*Transfer tax — the surrogate, when it is imposed under an unconstitutional statute, may vacate the decree assessing it.*

Assuming that a surrogate, in fixing a transfer tax and making the decree assessing it, does not act as surrogate, but simply as a taxing officer, the decree assessing the tax becomes a decree or order of the court, and where it appears that the statute under which he acted in assessing the tax has been declared unconstitutional by the Court of Appeals, the surrogate has power, under subdivision 6 of section 2481 of the Code of Civil Procedure and section 229 of the Tax Law (Laws of 1896, chap. 908, as amd. by Laws of 1901, chap. 173), to vacate the decree, although the time to appeal therefrom has expired.

APPEAL by the Comptroller of the State of New York from an order of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 15th day of November, 1902, vacating a decree of said court, entered on the 13th day of September, 1901, assessing and fixing the transfer tax on a portion of the estate of William Scrimgeour, deceased.

*William O. Campbell*, for the appellant.

*William Murray*, for the respondents.

HOOKER, J. :

The decree fixing the tax was made pursuant to chapter 76 of the Laws of 1899 (amdg. Laws of 1896, chap. 908, § 230), and that chapter was declared unconstitutional by the Court of Appeals in *Matter of Pell* (171 N. Y. 48). After the decision in *Matter of Pell* (*supra*), and after the time to appeal from the decree had expired, the petitioners in this proceeding applied for an order vacating the taxing decree, adjudging the estate exempt from transfer tax and directing the Comptroller to refund the moneys paid under the decree. An order was made granting petitioners' prayer and the Comptroller appeals.

It is conceded that the specific act under which the tax was imposed has been declared by the Court of Appeals to be unconstitutional, and it must follow that the decree of the Surrogate's Court assessing and fixing the tax was void. The appellant urges that although a void order or judgment of a court may be vacated by that court without restricting the aggrieved party to his remedy by appeal, still in this case the surrogate is in fact not a surrogate at all when he is fixing a transfer tax, but rather a taxing officer acting ministerially, and devoid of power except that conferred upon him by the Tax Law, and that the surrogate as such has no power to vacate a decree made by the surrogate as taxing officer. Assuming that when he is fixing a tax and making the decree assessing it he is not acting as surrogate, as the appellant contends, yet the decree upon the taxation becomes a decree or order of his court, and we think that the language of the 6th subdivision of section 2481 of the Code of Civil Procedure, together with that of section 229 of the Tax Law (Laws of 1896, chap. 908, as amd. by Laws of 1901,

chap. 173), is broad enough to confer upon him complete jurisdiction to vacate a void order of his court. This exact question was the subject of consideration in *Matter of Coogan* (27 Misc. Rep. 563; affd. *sub. nom., Matter of Coogan* v. *Morgan*, 162 N. Y. 613), and we believe the conclusions reached there should be approved.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred; JENKS, J., not sitting.

Order of the Surrogate's Court of Kings county affirmed, with ten dollars costs and disbursements.