In the Matter of the Transfer Tax upon the Property Transferred and Appointed by the Last Will and Testament of LAURA ASTOR DELANO, Deceased.

ARTHUR ASTOR CAREY, Appellant; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

*Tax — property passing under a deed of trust to a life beneficiary and to designated remaindermen with a power in the life beneficiary to dispose of the property among them — it is not taxable as against one to whom the life beneficiary devises it — he takes under the deed not under the will — such a tax would be retroactive and unconstitutional.*

By a deed executed in 1848, twenty-six years before his death, and before any inheritance tax law or transfer tax law was in existence, William B. Astor conveyed to his daughter, Laura Astor Delano, certain real property for life with remainder at her death to certain designated persons. The deed authorized the said Laura Astor Delano to dispose of the property by will among the

persons who would be entitled thereto if the power of appointment were not exercised, in such proportions as she should see fit.

In 1849 he executed another deed by which he conveyed certain personal property to trustees in trust to pay the income thereof to the said Laura Astor Delano for life, and on her death to pay the principal to the same persons who were to receive the estate in remainder in the real property. This deed also conferred on Laura Astor Delano a power of appointment similar to that conferred by the deed of the real property.

Laura Astor Delano died June 15, 1902, leaving a will by which she devised and bequeathed to her nephew Arthur Astor Carey, who was one of the persons in whose favor she was authorized to exercise the power of appointment, all the real and personal property mentioned in the deeds.

*Held*, that the property passing to Arthur Astor Carey was not taxable under subdivision 5 of section 220 of the Tax Law (Laws of 1896, chap. 908, as amd. by Laws of 1897, chap. 284) which provides, "whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will. * * * ";

That the appointee took under the deeds from William B. Astor and not under the will from Laura Astor Delano;

That, so far as the statute sought to impose a tax upon the property passing to him, it was an attempt to impose, under the guise of a tax upon the succession, a tax upon property, which was unconstitutional on the ground that it was retroactive.

APPEAL by Arthur Astor Carey from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 2d day of February, 1903, denying his motion to dismiss the above-entitled proceeding, in so far as the same relates to the appellant and the property appointed to him.

This proceeding was brought to appraise and assess for the purpose of taxation, under the act relating to taxable transfers (Laws of 1896, chap. 908, § 220, as amd. by Laws of 1897, chap. 284), the property of Laura Astor Delano, who died June 15, 1902, leaving a last will and testament, and Arthur Astor Carey was notified to appear therein. His attorneys gave notice of appearance in his behalf, but only for the purpose of objecting to the jurisdiction of the Surrogate's Court, and applied to the surrogate to dismiss the proceeding as to him and as to certain property mentioned in two deeds, one dated September 30, 1848, and the other September 6,

1849, made by William B. Astor, giving to his daughter Laura Astor Delano, the testatrix, a power of appointment, which power she exercised in her will in favor of the said Arthur Astor Carey. The basis of the application was that the surrogate had no jurisdiction over the property in question, and annexed to the affidavit of the attorneys were the two deeds mentioned.

By the first of these deeds given in 1848, twenty-six years before his death, William B. Astor (and his wife) conveyed certain real estate to Laura Astor Delano for her life, conditions being therein stated, upon the happening of which her estate should cease and determine, and other conditions being included disposing of the property to certain persons named upon her death. The deed then continues: "Provided, however, and power is hereby granted unto the said Laura, in her discretion to give the said land and premises or any share or part thereof to and amongst her said issue, brothers, sister Alida, or their issue (the same persons to whom it would by the deed pass were the power not exercised), in such manner and proportions as she may appoint by instrument in its nature testamentary to be acknowledged by her as a deed in the presence of two witnesses or published by her as a will." Power was also given her, and the manner and conditions of its exercise stated, whereby she might lease the property or mortgage or sell it (in the latter case the proceeds to be considered as the property itself), and the deed contained a reservation to the grantors whereby they might, during the life of their daughter, "appoint, convey and settle the said land and premises hereby granted to her sole and separate use in equity, notwithstanding her coverture with remainders as to them or the survivor of them may seem fit."

By the deed of 1849, William B. Astor, in consideration of love and affection to his daughter Laura Astor Delano, granted and transferred to trustees named "Fifty thousand dollars of the Public Debt of the State of Ohio" in the form of certificates, "To receive the interest and income thereof and to apply the same as it shall be received, to the use of the said Laura during her life · * * *. And upon the further trust, upon her death to transfer and convey the capital of the said stock to the issue of the said Laura surviving her. * * * But if she shall leave no issue surviving her then to transfer the said capital to her surviving brothers and sister Alida

and to the issue of any of them who may have deceased leaving issue then surviving." Then follows the provision: "Provided, however, that it shall be lawful for the said Laura by any instrument executed duly as a will of personal estate, to dispose of the said capital into and amongst her issue, brothers, sister and their issue, in such shares and proportions as she may think fit and upon such limitations by way of trust or otherwise as in her discretion may be lawfully devised." A power of sale was also given her with conditions similar to those in the deed of real estate, it being provided that if the certificates were sold "the fund into whatever form it may thus be changed shall stand upon the same trusts, limitations of interest and powers as are herein expressed both as to income and capital."

After the execution of these deeds, the daughter during her lifetime received the benefits of the property so conveyed to her which remained intact; and in the 2d clause of her will — she having previously disposed of other property to other persons — she gave, devised, bequeathed and appointed to her nephew, Arthur Astor Carey, the property " described in the　*　*　*　deed of settlement bearing date September 30th, 1848, To Have and To Hold　*　*　*　and to his heirs and assigns forever;" and also devised, bequeathed, limited and appointed to her said nephew, Arthur Astor Carey, "Fifty thousand dollars of the Public Debt of the State of Ohio or the proceeds thereof particularly mentioned and described in the　*　*　*　deed of settlement bearing date September 6th, 1849, To Have and To Hold　*　*　*　and to his heirs and assigns forever."

The application to dismiss, as to Arthur Astor Carey and the property which he thus became entitled to receive, the proceeding brought to appraise and tax the estate of Laura Astor Delano under the act relating to taxable transfers was denied, and from the order so entered he appeals.

*Lucius H. Beers,* for the appellant.

*George M. Judd,* for the respondent.

O'BRIEN, J.:

The portion of the Tax Law (Laws of 1896, chap. 908) which it is claimed is applicable to the property appointed to the appellant is sub-

division 5 of section 220, incorporated in the law by amendment by chapter 284, Laws of 1897, and providing that "whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will. * * *"

In terms, the amendment would seemingly apply to the property here in question, because a studied effort has been made by the language employed in the act to destroy any distinction between the disposition of property under a power of appointment made "before or after" the passage of the act. The construction of language identically the same taken from subdivision 3 of section 1 of the Transfer Tax Act of 1892 (Laws of 1892, chap. 399) was involved in the *Seaman* case (*Matter of Seaman*, 147 N. Y. 69), and therein it was held (head note) that such language "is to be restricted to the case of grants or gifts *causa mortis*, mentioned in the preceding portion of the subdivision, and does not extend to transfers by will or intestacy so as to subject to taxation rights of succession which accrued before the statute came into existence."

There is the same constitutional objection to giving the amendment of 1897 a retroactive effect so as to make it apply to instruments which existed and were in force before its passage, as existed in the *Seaman* case. Similarly, in *Matter of Pell* (171 N. Y. 48), with reference to chapter 76 of the Laws of 1899 (amdg. Laws of 1896, chap. 908, § 230), which in terms imposed a transfer tax upon remainders and reversions vesting prior to June 30, 1885, it was decided that such a provision in the law was unconstitutional; and therein it was distinctly held, following the decision in *Matter of Swift* (137 N. Y. 77), that the tax could not be sustained as one upon property, but must be supported as a tax upon the right of succession. As said in *Matter of Pell* (*supra*): "This court and the Supreme Court of the United States have held in numerous cases that the transfer tax is not imposed upon property, but upon the right of succession. It, therefore, follows that where there was a complete vesting of a residuary estate before the enact-

ment of the transfer tax statute, it cannot be reached by that form of taxation."

Under the deeds of William B. Astor, which are before us for consideration, the rights of the relator were vested and were, under well-settled rules of law, created by the donor of the power, and not by the donee by whom the power was exercised. In *Root v. Stuyvesant* (18 Wend. 257, 267) it is said: "It appears to be well settled that until the execution of the power the remainders or limitations over take effect the same as if no such power existed or as in case of default of execution of it. *  *  *  The doctrine is very clearly and succinctly stated by Fearne; and Sugden, after discussing the cases on the point, observes that the result of the authorities is that the power of appointment does not prevent the vesting of the estates limited in default of appointment. They are, of course, subject to be divested on the execution of the power." With respect, therefore, to the interests of the relator, we must have in mind the rule that the estate of the appointee under a power is derived from the donor of the power and not from the donee. Under this familiar rule the interests of Arthur Astor Carey became vested under the deeds made by William B. Astor in 1848 and 1849, and he would have succeeded to such vested interests had there been a default in the exercise of the power of appointment.

It is true that the donee in the exercise of the power of appointment had the right to determine between the individuals in the class in whose favor she was to exercise the power, but, although this rendered the interests of any of the individuals in the class subject to be divested, it created no distinction different from what would have existed if the property had been originally given to Laura Astor Delano for life with remainder over to persons named whose interests were to be divested in the event of their dying before the termination of the life estate. The relator could have been divested of his interests by the exercise of the power of appointment in favor of any other member of the class to whom it was limited, and he may have obtained a much greater estate by reason of the fact that the power was exercised exclusively for his benefit. It follows, nevertheless, that his rights were obtained under the deeds of the donor, which were made long prior to the enactment of any inheritance tax law, and, therefore, it is only by regard-

ing the Transfer Tax Act as imposing a tax upon property, which it was held in the *Pell Case* (*supra*) could not in the guise of a succession tax be done, that the interests of the relator can be taxed under it.

We have not overlooked *Matter of Vanderbilt* (50 App. Div. 246; affd., 163 N. Y. 597), wherein the construction of this same subdivision of the statute was involved as bearing upon a case where a testator, who died in 1885, by will gave to his son the income of a trust fund during his life and power to dispose of the principal by will to his issue. This power having been exercised on the death of the son in 1899, it was held that the disposition of the property made under such appointment was taxable under the act. That decision, however, which at first blush might seem to be controlling, is distinguishable in two features, one, that the power of appointment itself was created by will, and the other, that such will was made and went into effect at a time subsequent to the enactment of a collateral inheritance tax law. The power of appointment here involved was not given by will but was conferred by deed, and at the time the interest of the relator vested there was no inheritance tax or transfer tax law in existence.

Upon reading the authorities it will be found that the cases point out specifically the fundamental distinction between the power of appointment created by deed and one created by will, as regards the right of the Legislature to impose a transfer tax. As stated, to impose a tax upon a transfer by deed is the exercise of the general taxing power of the State, while a tax upon a power of appointment which has been created by will is a succession tax depending upon a transfer brought about by death. It is not claimed for this amendment of 1897 that it was the exercise of the general taxing power of the State, and to be supported, therefore, it must be, if at all, upon the theory that it imposes a succession tax.

As said in *Matter of Swift* (137 N. Y. 83): "The idea of this succession tax, as we may conveniently term it, is more or less compound; the principal idea being the subjection of property, ownership of which has ceased by reason of the death of its owner, to a diminution, by the State reserving to itself a portion of its amount, if in money, or of its appraised value if in other forms of property." And in *Matter of Sherman* (153 N. Y. 3) it was said: "The power of a State to tax the right of transfer of property by will or the

right of succession under the intestate laws of the State is not an open question. It results from the acknowledged principle that the right to dispose of property by will and of succession thereto in cases of intestacy is derived from and under the municipal law. * * * It is a tax upon the right of transfer by will or under the intestate law of the State."

It is not, however, within the power of the Legislature merely by calling a tax one upon the right of succession to impose what in substance and effect is a tax upon property. In terms, unquestionably, the Legislature has called the estate which the relator has received a succession and upon the right to such succession has attempted to impose a tax; but it cannot change the legal nature or character of the property interest by applying to it a name, nor can it impose a tax upon property which the relator has received under the deeds of William B. Astor, given in 1848 and 1849, by subsequently enacting that to such property the relator has succeeded under the will of Laura Astor Delano, and that as to it a tax is due as a tax upon the right of succession, as though it was property bequeathed or devised by her.

Having in mind, therefore, the fact that the relator obtained his property rights by deed and not by will, and at a time when there was no transfer tax or inheritance tax law in existence, and that he does not obtain his estate by right of succession under the will of Laura Astor Delano, but acquires it under the deeds of William B. Astor which were in no sense testamentary in character, but were made many years before the grantor's death, it follows, we think, that the attempt of the Legislature to tax such property rights cannot succeed, and for the reasons that we have briefly outlined, namely, that to uphold the tax here sought to be imposed under the guise of taxing a right of succession, would, in fact, be to sanction a tax upon property, and for that purpose to give to the amendment of 1897 a retroactive effect which would be violative of the Constitution (Art. 1, § 6). •

The conclusion reached renders it unnecessary for us to discuss or determine the question which has been urged by the appellant with much force, that in the present instance the Surrogate's Court had no jurisdiction to entertain the proceeding for the purpose of levying the tax.

We think that the order of the surrogate should be reversed, with costs, and the proceeding dismissed as to the appellant.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and HATCH, JJ., concurred.

Order reversed, with costs, and proceeding dismissed as to appellant.