was made as directed and duly confirmed, and the trustee executed an assignment to the purchaser of the contracts and all moneys due and to grow due under them subject only to an interest not germane on this appeal. The plaintiff succeeded by purchase and assignment to all the rights of the purchaser at the sale directed by the court. The object of the proceedings was clearly to confer upon the purchaser at the judicial sale all the interest and rights of the trustee, and I see no reason for not holding that that object was accomplished. Otherwise the purchaser acquired nothing of value at the sale, although the trustee certainly parted with his right to assail the assignment to the appellant and to reap whatever financial results might flow therefrom. In principle the case is like Porter v. Parmley, 52 N. Y. 185, where it was held that a sale upon execution of all the right, title, and interest of a judgment debtor in chattels which are covered by a mortgage which is void as to creditors, is a sale of all that is vendible upon the execution, and gives to the purchaser all the creditor's rights as against the mortgagee. The same doctrine was declared in Wagner v. Jones, 7 Daly, 375, affirmed 77 N. Y. 590.

The trustee could undoubtedly have maintained the action. The judicial sale of the contracts, in the absence of qualifying conditions, must be deemed to have been designed to carry with it all that was vendible, including the right to maintain an action in equity to set aside the prior voidable assignment, and the consummation of the sale should be held to have effected the result which was intended.

The judgment should be affirmed. All concur.

(110 App. Div. 737)

## In re BACKHOUSE.

(Supreme Court, Appellate Division, Second Department. January 12, 1906.)

1. TAXATION—TRANSFER TAX—PROPERTY SUBJECT.
    Where testator gave a portion of his property in trust for his son for life, with remainder to the son's heirs, and testator died before the transfer tax law took effect, the remainder, on passing to the son's children, was not subject to the transfer tax.

2. SAME—NOTICE OF PROCEEDINGS—EFFECT—LIMITATION OF JURISDICTION.
    Where, on proceedings under the transfer tax law, certain persons were notified of an appraisal of their father's estate, the jurisdiction of the surrogate on their default was so limited, and he had no jurisdiction to fix a tax on property passing to such persons under their grandfather's will.

3. SAME—ERRONEOUS DECREE—MODIFICATION.
    Where a surrogate erroneously imposed a transfer tax, he had authority to modify his decree.

Appeal from Surrogate's Court, Kings County.

Proceedings on the appraisal, under the Transfer Tax Acts, of the property of George Backhouse, deceased. Appeal from an order of the Surrogate denying an application to modify his decree fixing the tax. Reversed.

The petition for modification was by the trustee under the will of the father of the said deceased, and the four children of the said deceased, who comprised all of his heirs at law, also joined.

The will of Edward T. Backhouse left one fifth of his property in trust for his son George Backhouse, the deceased to receive the income for life, remainder to the said son's heirs, "or to such person or persons as such child may appoint in his last will and testament."

The will of the said son did not appoint any other persons, but appointed his said children.

After the death of the said son, and the probate of his will in September, 1904, proceedings under the Transfer Tax Law were begun and the appraiser gave notice to the said children of appraisal of the property of the decedent. They did not appear in the proceeding, and not only was the property left by the decedent appraised, but also the said property left by his father, and the transfer tax imposed in respect of both, and the said trustee under the father's will paid it, the property being still in its possession under the said trust.

The motion was to modify the decree by striking out the part imposing the tax in respect of the latter property, and for its refund.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Edward T. Horwill, for appellants.

Leonard B. Smith, for respondent.

GAYNOR, J. The children of George Backhouse get the one fifth of the estate of their grandfather by his will and not by the will of their father. It vested in them when the grandfather's will took effect. Matter of Lansing, 182 N. Y. 238, 74 N. E. 882. It follows that it was not subject to a transfer tax, for the Transfer Tax Law had not yet been passed when it vested in them.

The Surrogate had power to modify his decree, and should have done so, first, because the said children were not bound by it in so far as it imposed the tax in respect of the property they took under their grandfather's will, for they were only notified of an appraisal of their father's estate, and that was therefore the limit of the jurisdiction of the appraiser and Surrogate on their default; second, because the Surrogate's jurisdiction being limited to transfers covered by the statute, he had no jurisdiction to impose the tax; and, third, because at most it was a mistake all round. Matter of Scrimgeour, 175 N. Y. 507, 67 N. E. 1089. That in this Scrimgeour Case the tax was imposed under an unconstitutional provision of the statute (a fact which the blind report of the case conceals), does not distinguish it from the present case. In each case there was no statute for what was done.

There is no evidence that the said heirs ever elected to take under the appointment, if it can be called such, of their father's will, or if such election could be made.

The order should be reversed and the motion granted.

Order of the Surrogate's Court of Kings County denying motion to modify the decree assessing transfer tax reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.