---

(62 Misc. Rep. 444.)

### In re WARREN'S ESTATE.

(Surrogate's Court, Rensselaer County. February, 1909.)

1. TAXATION (§ 900*)—TRANSFER TAXES—REVIEW.

The right to apply for a modification of an amended order of a surrogate assessing a transfer tax is not lost because an appeal has been taken from the original order, where the appeal from the original order was never heard by the surrogate, but upon stipulation of the parties the appraiser made an amended report, upon which the amended order was made.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 900.*]

2. TAXATION (§ 900*)—TRANSFER TAX—ERRONEOUS DECREE—MODIFICATION.

A surrogate may modify his order holding that a transfer took place, and imposing a tax, which did not in fact take place.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 900.*]

3. TAXATION (§ 878*)—TRANSFER TAX—TRANSFERS SUBJECT TO TAX.

A father gave his residuary estate to trustees for the use of his children for life, and at the death of each to such persons and in such proportions as each child should by will appoint, and in default of such will to the heirs of such child as if it had died seised thereof. The power of appointment was exercised by a son of testator in his will, so that, instead of an equal and immediate division of the estate among the four children of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

son at his death, the division was postponed during his wife's life, who received a life estate, and the absolute estate was ultimately vested in three of the four children. *Held,* that the exercise of the power, having worked a modification of the terms of the father's will, and having created different estates and interests, could not be ignored by the son's children, and, it being necessary to resort to the son's will before title could be established, the transfer was by force of the power of appointment and subject to taxation, under Transfer Tax Law (Laws 1896, p. 868, c. 908) § 220.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1700, 1701; Dec. Dig. § 878.*]

Application for an order modifying the amended order of the surrogate assessing a transfer tax on property alleged to have passed under a power of appointment exercised by the will of George B. Warren, Jr., deceased. Application denied.

Shaw, Bailey & Murphy, for petitioners.
John P. Kelly, for State Comptroller.

HEATON, S. This is an application by the daughter and three sons of George B. Warren, Jr., deceased, to obtain an order modifying the amended order of the surrogate, made on the 18th day of May, 1906, assessing a transfer tax on the property alleged to have passed under a power of appointment exercised by the will of said deceased.

The Comptroller of the state claims, first, that the surrogate has no power to modify such amended order, (a) because the original order made May 6, 1906, was appealed from, which exhausted the right of the petitioners, and (b) because the time to appeal from the amended order has expired. It appears from the record that the appeal from the original order was never heard by the surrogate, but that upon stipulation of the parties the appraiser made an amended report upon which an amended order was made. Under such circumstances it could not be held that the petitioners had lost their right to apply for a modification of the amended order for the reason alleged.

The Comptroller further objects to the jurisdiction of the surrogate on the ground that the time to appeal from the amended order has expired and that the relief sought cannot be obtained except upon appeal. The validity of this objection depends upon whether the error, from which the relief is sought, is one of fact or of law. Upon examining the question involved, it appears that the appraiser has assessed a large amount of property as being transferred by the will of the deceased under a power of appointment which the petitioners claim did not pass by virtue of such power, but vested and passed under the will of the father of the deceased, who died before the transfer tax act took effect.

The surrogate has no jurisdiction to assess a tax upon property which does not pass by the will of the deceased. If the power of appointment has not, in fact, been exercised, or if, in fact, no property has been transferred by it, the surrogate was without jurisdiction to assess a tax by reason of any succession; and he may modify his order which

has held that a transfer or succession did take place which did not in fact take place. Matter of Backhouse, 110 App. Div. 737, 96 N. Y. Supp. 466, affirmed 185 N. Y. 544, 77 N. E. 1181. Therefore the motion of the Comptroller to dismiss the proceedings for lack of jurisdiction is denied.

Whether or not the application shall be granted upon the merits depends upon the effect of the exercise of a power of appointment given by the will of George B. Warren, Sr., who died May 8, 1879, to George B. Warren, Jr. The power was granted in these words:

"I give his or her said share to such persons and in such proportions as such child shall by will duly executed appoint, and as a part of his or her estate and in default of such will, I give the same to the heirs of such child as if such child had died seised and possessed thereof."

This language followed a gift of the residue of testator's estate to trustees in trust for the use of his three children. George B. Warren, Jr., died October 8, 1905, leaving a widow and four children. By his will he sets aside 250 shares of the stock of the Rensselaer & Saratoga Railroad, out of and from his share of his father's estate, for the use of his daughter Mary, during her life, with remainder over to his three sons. In the next item, he declares that he executes the power of appointment under his father's will "by appointing in this my last will and testament my three sons  *  *  *  as the persons to inherit absolutely and forever the same share and share alike, subject, however, to a life interest therein by my beloved wife  *  *  *  as appears more specifically set out in the clause following."

By section 220 of the transfer tax law (Laws 1896, p. 868, c. 908) the right of succession to property passing under a power of appointment is taxable. Matter of Delano, 176 N. Y. 486, 68 N. E. 871, 64 L. R. A. 279, reversing 82 App. Div. 147, 81 N. Y. Supp. 762. A superficial examination of several decisions upon this subject made by the courts might lead one to think that they have not been entirely harmonious, but a careful study of them shows the principle which has been applied.

In Matter of Vanderbilt, 50 App. Div. 246, 63 N. Y. Supp. 1079, affirmed 163 N. Y. 597, 57 N. E. 1127, the testator directed that, upon the death of Cornelius, the fund should be paid to his lawful issue in such shares or proportions as Cornelius might by his last will have directed or appointed. Cornelius by will made an unequal division among his children, and a tax was upheld. In the Delano Case, 176 N. Y. 486, 68 N. E. 871, 64 L. R. A. 279, reversing 82 App. Div. 147, 81 N. Y. Supp. 762, the power was "to give  *  *  *  in such manner and proportions as she may appoint," among several classes named, and, in event of her failure to appoint, the estate was to be divided among the persons composing those classes. The power was exercised by appointing one person to receive the whole estate, and a tax was held to be assessable.

In Matter of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433, 88 Am. St. Rep. 508, affirming 60 App. Div. 630, 71 N. Y. Supp. 1135, affirmed sub nom. Orr v. Gilman, 183 U. S. 278, 22 Sup. Ct. 213, 46 L. Ed. 196, the power declared that the estate should "vest absolutely,

and at once, in such of his children him surviving and the issue of his deceased children as he [the donee of the power] may by his last will and testament designate and appoint, and in such manner and upon such terms as he may legally impose." The power was exercised by creating life estates in his children dependent upon a term of years or a prior death and giving the remainder of each life estate to the other child. A tax was upheld.

The principle applied in these and other cases was that, the power being effectively exercised, and it being necessary to resort to the will, by which it was exercised, before title could be established to the property claimed, the transfer was by force of the power of appointment, and was subject to taxation. The cases in which the tax was not upheld apply the reverse of this principle.

In Matter of Lansing, 182 N. Y. 238, 74 N. E. 882, modifying 103 App. Div. 596, 92 N. Y. Supp. 1132, the attempt to exercise the power neither increased nor diminished the estate of the beneficiary as fixed by the will creating the power.

In the Backhouse Case, 110 App. Div. 737, 96 N. Y. Supp. 466, affirmed 185 N. Y. 544, 77 N. E. 1181, it was said that:

"The children * * * get the one-fifth of the estate of their grandfather by his will, and not by the will of their father."

In Matter of Ripley, 122 App. Div. 419, 106 N. Y. Supp. 844, the original will gave the property to certain persons "unless otherwise disposed of" by a power of appointment given. It was held that the portion of the estate which was not "otherwise disposed of" went directly to said persons under the prior will and was not subject to the succession tax.

Upon examination of the two Warren wills, we find that under the original will the four children of George B., Jr., would take the estate equally if the power of appointment was not exercised. It was exercised so that, instead of an equal and immediate division of the estate among the four children upon the death of George B., Jr., the division was postponed during the life of his wife, who gets a life estate, and ultimately the absolute estate vested in three of the four children; the daughter receiving absolutely no part of the estate.

It is clear, then, that the petitioners do not and cannot take under the original will, but that their rights and estates are created and fixed by the power of appointment, and that, therefore, they are required to pay a transfer tax upon such right of succession. In their application the petitioners state that they elect to take under the original will, and not under the power of appointment. This the petitioners could do, if the exercise of the power was a mere formality confirming the title previously acquired. Matter of Lansing, supra; Matter of Ripley, supra. But the exercise of the power, having worked a modification of the terms of the prior will and having created different estates and interests, cannot be ignored by the petitioners; and while compelled to take, if at all, under the power, they cannot elect to take under the original will for the purposes of this application.

An order may be entered denying the application.

Application denied.