therein, for, as said in People ex rel. McCabe v. Matthies, 179 N. Y. 242. 248, 72 N. E. 103, 104, " * * * it is well established that, where a matter has been submitted to an authorized judicial tribunal, its decision is final between the parties until it has been reversed, set aside, or rejected; and the rule of res adjudicata applies to all judicial determinations, whether made in actions, or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination."

Referring to the separate defense here under consideration, it will be seen that defendant alleges that the final determination in plaintiff's alternative writ of mandamus proceeding was upon the merits, and consequently all questions here which were material to and determined in that proceeding are res adjudicata as between the parties in that proceeding, who are the parties to this action. The views here expressed are not in conflict with the holding in the Steinson Case, since in the Steinson mandamus proceeding, an application for a peremptory writ, the determination was not on the merits, but on the ground of the relator's laches (see People ex rel. Steinson v. Board of Education, 158 N. Y. 127, 128, 52 N. E. 722), and in the Steinson action, 165 N. Y. 431, at page 434, 59 N. E. 300, at page 301, Judge Landon, speaking for the court, said: "Mandamus would not lie as of strict right, and might be refused in the discretion of the court; hence the former denial of that remedy"—referring to the mandamus proceeding—"does not bar the present action."

From a careful consideration of the complaint and answer, it appears that plaintiff's status as a school-teacher will be one of the questions presented in this litigation, and, if that be so, the special defense is sufficiently well pleaded, and the demurrer should therefore be overruled.

Judgment accordingly for defendant, with costs.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, CARR, WOODWARD, and RICH, JJ.

David Ross, of New York City, for appellant.

Archibald R. Watson, Corp. Counsel, of New York City, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on opinion of Mr. Justice Maddox at Special Term.

JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ., concur.

---

(153 App. Div. 85.)

### In re TOWNSEND'S ESTATE.

(Supreme Court, Appellate Division, First Department.  November 8, 1912.)

TAXATION (§ 900*)—TRANSFER TAX—ASSESSMENT—RELIEF FROM DEFAULT.

Where a transfer tax was assessed and fixed on default against a legacy to a charitable and benevolent corporation, which was exempt from such taxation, and such default assessment resulted from a mutual mistake of the appraiser and the corporation as to the latter's rights, the Surrogate's Court had power, under Code Civ. Proc. § 2481, subd. 6, authorizing an order to be modified for fraud, newly discovered evidence, clerical error, or other sufficient cause, to modify his order fixing the tax, and thereby relieve the corporation from the consequence of its default, though the time for appeal had elapsed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1722, 1723; Dec. Dig. § 900.*]

Dowling and Miller, JJ., dissenting.

---

Appeal from Order of Surrogate, New York County.

In the matter of the appraisal under the Transfer Tax Law upon the estate of Jane O. Townsend, deceased. From an order of the surrogate, denying a motion for an order modifying a former order fixing the amount of the transfer tax, the New York Exchange for Woman's Work appeals. Reversed and remitted, with directions.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Nelson Shipman, of New York City, for appellant.

Ellwood M. Rabenold, of New York City, for respondent.

SCOTT, J. The facts are not in dispute. Jane A. Townsend, by her will, left a legacy to the petitioner of $10,000. Said petitioner is a charitable and benevolent corporation organized under chapter .319, Laws of 1848, entitled "An act for the incorporation of benevolent, charitable, scientific and missionary societies." As such, any legacy to it is exempt from the payment of any transfer tax by the provisions of section 221 of the Tax Law, as amended by chapter 368, Laws 1905, and chapter 310, Laws of 1908.

The appraiser appointed by the surrogate in due course served upon the petitioner, as well as upon other legatees and persons interested in the estate, the usual notice that at a stated time and place he would proceed to appraise such property of the decedent as might be subject to the payment of the transfer tax. The petitioner, doubtless ignorant that as matter of law it was exempt from the payment of any tax, neglected to consult counsel and failed to appear before the appraiser. In default of such appearance the appraiser reported, and the surrogate ordered that the legacy to said petitioner was subject to a tax of $500, which the executor accordingly paid. The petitioner permitted the time allowed by statute for an appeal to elapse, and now, having ascertained its right to exemption, moves for a modification of the order. The petitioner's right to exemption appears to be clear, and is not questioned by the State Comptroller. The surrogate denied the motion upon the sole ground that the petitioner's remedy was by appeal, and that, having allowed the time for appeal to expire, it is now remediless.

The surrogate's power to modify a decree or order is conferred by subdivision 6 of section 2481, Code of Civil Procedure, reading as follows:

"A surrogate, in court or out of court, as the case requires, has power: * * * 6. To open, vacate, modify, or set aside, or to enter, as of a former time, a decree or order of his court, or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision, must be exercised only in a like case and in the same manner, as a court of record and of general jurisdiction exercising the same powers."

The question has been frequently considered as to when an order fixing a transfer tax may be modified after the time for appeal has expired. An examination of the reported cases shows that such a modification has been upheld where the tax was erroneously assessed

in consequence either of a mistake of law or a mistake of fact. In Matter of Scrimgeour, 175 N. Y. 507, 67 N. E. 1089, affirming 80 App. Div. 388, 80 N. Y. Supp. 636, which affirmed 39 Misc. Rep. 128, 78 N. Y. Supp. 971, the surrogate vacated a decree imposing a tax upon certain reversions and remainders because, since the assessment, the act under which the tax had been laid had, in another case, been declared unconstitutional. The Court of Appeals, in affirming the order of vacatur, said:

"Both parties mistakenly supposed that the estate was, under the law, subject to a transfer tax. The proposition was not litigated, nor decided, but assumed. We think it was within the power of the surrogate, on an application to his discretion and favor, to open the case, relieve the respondents from the consequences of their mistake, and set aside the order which had been erroneously made."

In Matter of Silliman, 175 N. Y. 513, 67 N. E. 1090, affirming 79 App. Div. 98, 80 N. Y. Supp. 336, which reversed 38 Misc. Rep. 226, 77 N. Y. Supp. 267, an order had been made fixing the tax upon certain real and personal estate without deducting the trustee's commissions. Subsequently, in another case (Matter of Gihon, 169 N. Y. 443, 62 N. E. 561), it was held that such commissions should be deducted and the tax assessed only on the residue. After the time to appeal had expired, an application was made to modify the order fixing the tax. The surrogate, deeming himself without power, denied the application, but his determination was reversed, on the ground that the assessment had been levied under a misapprehension as to the law.

In Matter of Weiler's Estate. 122 N. Y. Supp. 608, affirmed 139 App. Div. 905, 124 N. Y. Supp. 1133, the widow's dower was included in the assessment under the erroneous assumption by all parties that it passed under her husband's will. The surrogate entertained and granted a motion to vacate the order upon the ground that the assessment had been made in consequence of a mistake of law, and his determination was affirmed.

In Matter of Willetts,.51 Misc. Rep. 176, 100 N. Y. Supp. 850, affirmed 119 App. Div. 119, 100 N. Y. Supp. 850, 104 N. Y. Supp. 1150, and 190 N. Y. 527, 83 N. E. 1134, it was assumed on the proceedings. to fix the tax, but not litigated, that a son had received certain property fom his father under the will of the latter, and the estate was assessed accordingly. Later it was decided, in an action in the Supreme Court to construe the father's will, that the assumption under which the assessment had been made, was erroneous as matter of law. The surrogate modified the order and remitted the tax, and his action was affirmed by the Appellate Division and the Court of Appeals. In all of the foregoing cases the erroneous assessment resulted from a misapprehension as to the law.

In Morgan v. Cowie, 49 App. Div. 612, 63 N. Y. Supp. 608, an order modifying a previous order fixing an assessment and tax was upheld, because a mutual mistake of fact had been made as to whether or not certain legatees had survived the testator. In all of the foregoing cases the error, whether of law or fact, was shared by all par-

ties to the proceeding, and the question involved was not litigated before the appraiser or the surrogate.

On the other hand, in Matter of Barnum, 129 App. Div. 418, 114 N. Y. Supp. 33, and Matter of Lowry, 89 App. Div. 226, 85 N. Y. Supp. 924, the question was as to the value of certain real property. Evidence respecting the value was in each case submitted to the appraiser by the executor, and the appraisal made upon such evidence. All that was held was that the proceeding could not be reopened to admit testimony that the property had not, in fact, proved to be so valuable as it was supposed to be when the assessment was made.

The present case, as it seems to me, falls directly within the class of cases first above cited. The question as to the liability of petitioner's legacy to assessment and taxation was not litigated before the appraiser or the surrogate. The assessment was made by default, and resulted from ignorance on the part of the appraiser that the petitioner was of the exempt class, coupled with ignorance on the part of petitioner that it was entitled to exemption. That the assessment and tax were erroneous is not questioned, and it is equally clear that it resulted from a mutual mistake on the part of the appraiser and the petitioner as to the status and rights of the latter. If the question had been raised and litigated before the appraiser or the surrogate, a different question would have been presented, and I should have been disposed to agree that petitioner's only remedy was by appeal. But I think, under the circumstances, that the surrogate had power to relieve the petitioner of the consequence of its default.

The order should be reversed, and the matter remitted to the surrogate, to determine the proceeding in accordance with the views before expressed, without costs to either party in this court.

INGRAHAM, P. J., and CLARKE, J., concur.

DOWLING, J. I dissent. The only ground assigned for relief by the moving party is that, "through an oversight in not bringing the matter to the attention of the attorneys," it failed to appear or claim its exemption in the proceeding pending nearly two years before. I do not believe such an excuse brings the party within the statute.

MILLER, J., concurs.