Misc. Rep. 360, 124 N. Y. Supp. 827, and I should follow that decision without further discussion, were it not that the state comptroller contends that the learned surrogate who wrote the opinion in the Matter of Baker overlooked that part of subdivision 9 of section 2672 of the Code which provides that "moneys unpaid on contracts for the sale of land" shall go to the executors or administrators, to be applied and distributed as part of the personal property of the testate or intestate. In the matter under consideration the testator specifically devised to his children the various parcels of land in Passaic, N. J., which he had contracted to sell. As the legal title to the land was in the decedent at the time of his death, his will transferred that title to his children. Our statutes can have no application to real estate situated in a foreign state; they cannot prescribe that the interest of the owner of real estate in a foreign state shall be personal property after such owner has executed a contract for the sale of the real estate. The section above referred to has reference to the administration of estates in this state and is designed to assist the executor or administrator in determining what part of the property of the decedent may be applied in liquidation of his indebtedness or distributed to the legatees or next of kin. While it may govern the action of an executor or administrator in the course of his administration of an estate, it can have no effect upon the nature of a decedent's title to real estate in a foreign state. Matter of Swift, supra, 137 N. Y. 86, 32 N. E. 1096, 18 L. R. A. 709. As the decedent held the legal title to the real estate in New Jersey at the time of his death, and as real estate situated in a foreign state is not subject to the provisions of our Tax Law, the appeal is sustained.

Settle order on notice, reversing the order fixing tax and remitting the report to the appraiser for the purpose of excluding from the taxable assets of the estate the amount remaining unpaid on contracts entered into by the decedent for the sale of his real estate in Passaic county, N. J.

---

### In re DRAKE'S ESTATE.

#### (Surrogate's Court, New York County.   January 31, 1916.)

TAXATION ☞876½—TRANSFER TAX—APPLICATION TO DECLARE ESTATE EXEMPT—JURISDICTION.

Decedent, a resident of New Jersey, was given a power of appointment by the will of his father, a resident of New York, which power he partly exercised. Under the tax law in force at the time of the father's death, exempting property subject to a life tenant's power of appointment until the execution of the power, or the vesting of the remainder in possession, when it was taxed as a part of the estate of the donor of the power, the Surrogate's Court, in a proceeding in another county to tax the father's estate, ascertained the value of the remainder after the life estate of deceased in the fund over which he had a power of appointment, and suspended taxation upon such remainder, and, after decedent's death, and in a proceeding in the matter of the transfer tax upon the remainder of the trust created by will for the benefit of decedent, his appointees and remaindermen, ordered a tax upon that part of the remander which was transferred to the appointees under the power of appointment,

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as well as the part which passed under the will of the donor, and the state comptroller consented to such order and issued his receipt for the tax thereby assessed. Tax Law (Consol. Laws, c. 60) § 220, makes property transferred by a power of appointment the property of the one exercising the power, and Code Civ. Proc. § 2514, defines the terms used in the Surrogate's Law. *Held*, on application to declare the estate of decedent exempt from taxation under the Transfer Tax Law (Consol. Laws, c. 60, §§ 220–245), opposed by the state comptroller, that the Surrogate's Court was without jurisdiction.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ☞876½.]

In the matter of the estate of Arthur S. Drake, deceased. Application to declare the estate of the decedent in the state exempt from taxation under the Transfer Tax Law, opposed by the State Comptroller. Application denied.

Miller, King, Lane & Trafford, of New York City (William G. Barr, of New York City, of counsel), for petitioner.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton and Alexander Otis, both of New York City, on the brief), for state comptroller.

FOWLER, S. This is an application to declare the estate of the decedent in this state exempt from taxation under the Transfer Tax Law. The state comptroller appears in opposition and contends that the value of the property transferred by virtue of a power of appointment exercised by the decedent should be ascertained and taxed.

The decedent, who was a resident of New Jersey, died on the 20th of May, 1911. He was given a power of appointment by the will of his father, John H. Drake, who died a resident of Orange county, N. Y., on the 20th of October, 1896, and this power was partially exercised by the decedent. Under the tax law in force at the date of the death of John H. Drake, property over which a life tenant had a power of appointment was not taxable until the power was exercised or the remainder otherwise vested in possession, when it was taxed as part of the estate of the donor of the power. The Surrogate's Court in which the proceeding to assess a tax upon the estate of John H. Drake was brought ascertained the value of the remainder after the life estate of Arthur S. Drake in the fund set apart for him by the will of his father and over which he had a power of appointment, and suspended taxation upon that remainder. After the death of Arthur S. Drake, the decedent herein, a proceeding was brought in the Surrogate's Court of Orange county, N. Y., entitled "In the matter of the transfer tax upon the remainder of the trust created by the will of John H. Drake, deceased, for the benefit of Arthur S. Drake, his appointees and remaindermen." It seems to me that this title was sufficiently comprehensive to embrace any tax which could be assessed upon the remainder, either through the exercise of the power of appointment by Arthur S. Drake or under the will of the donor of the power. An order was entered in that proceeding assessing a tax upon that part of the remainder which was transferred to the appointees by virtue of the power of appointment exercised by the de-

cedent, as well as that part which passed under the will of John H. Drake.

Whether this was the proper procedure, or whether the order entered by the Surrogate's Court of Orange county in that proceeding was correct, or whether that court had jurisdiction to assess a tax upon the transfer of the property passing under the power of appointment exercised by the decedent, cannot be considered by this court. The statute provides the appropriate method of reviewing an order entered in a transfer tax proceeding. But the state comptroller appeared in the proceeding and consented to the entry of the order. He also accepted payment of the tax assessed by the order and issued his receipt therefor. This receipt stated that the state comptroller had received $660.67 transfer tax assessed "upon the remainder of the Arthur S. Drake trust, as transferred by appointment of Arthur S. Drake." The right of the state comptroller to claim another tax on the same transfer, because of the alleged lack of jurisdiction of the court which assessed the tax that he accepted and still retains, may be determined in a tribunal having the necessary jurisdiction, but cannot be passed upon under the limited jurisdiction granted to this court. The record before me shows that the Surrogate's Court of another county in this state assessed a tax upon the property over which the decedent herein exercised a power of appointment, and that the net personal property of the decedent in this state, exclusive of the property which passed by virtue of the exercise of the power of appointment, is $223.92. This amount is subject to a tax in this state. But as the property which was transferred by virtue of the power of appointment exercised by the decedent must be regarded, for the purpose of the transfer tax, as his property (section 220 of the Tax Law), and the Surrogate's Court of Orange county assumed and exercised jurisdiction over the proceeding to assess a tax upon that property, this court is excluded from the exercise of such jurisdiction (Code Civ. Proc. § 2514), and for that reason must deny the application to exempt the estate.

Settle order on notice.