Matter of the Transfer Tax upon the Estate of MATURIN L. DELAFIELD, Deceased.

(Surrogate's Court, Bronx County, November, 1919.)

Transfer tax — what not subject to — power of surrogate to modify order assessing — exemptions — dower — taxes.

> Where if an exemption had been claimed before the appraiser the value of the dower right of decedent's widow would not have been included among the assets of the estate as subject to a transfer tax, the surrogate in the interests of justice has power to modify the order assessing the tax though more than sixty days have elapsed since the entry of the order from which no appeal was taken.

PROCEEDINGS on an application for an order modifying an order assessing a transfer tax.

Hawkins, Delafield & Longfellow, for motion.

John Boyle, Jr., for state comptroller, opposed.

SCHULZ, S.   Application is made for an order modifying a former order of this court made and entered in this matter on August 19, 1918, assessing the transfer tax upon the estate of the decedent.  The affidavit upon which the application is made sets forth that

under the eighth paragraph of the last will and testament of the decedent, certain real estate situate in the state of New York of the total market value of $276,095 passed to the widow of the deceased, and that through an oversight and inadvertence, the executors, when the matter was before the transfer tax appraiser, omitted to claim that the right of dower of the widow in the said real estate was exempt from liability for transfer tax. The question was not raised or litigated before the appraiser. In consequence the appraiser in determining the amount of the property passing to the widow and the taxable value thereof, inadvertently included the value of her said right of dower. The age of the widow on the day of the death of the decedent is set forth and the value of her dower in the said real estate is stated to be $27,518.46.

The allegations of the affidavit are not controverted but the attorney for the comptroller contends that inasmuch as more than sixty days have elapsed since the entry of the order, and no appeal has been taken therefrom, the surrogate has no power to modify the order in question.

As the facts stated in the moving affidavits are not denied, it is evident that the order entered pursuant to the report of the appraiser included as taxable the value of the dower right of the decedent's widow, which, if an exemption had been claimed before the appraiser, he would not have included among the taxable assets of the estate and which would in that event not have been assessed in the order.

Under the circumstances, I think I have the power to modify the order in the interests of justice. The mere fact that the time has expired to appeal, I do not believe prohibits me from the exercise of that authority. *Matter of Severance,* 106 Misc. Rep. 710;

*Matter of Townsend,* 153 App. Div. 85; revd., 215 N. Y. 442; *Matter of Morgan,* 164 App. Div. 854; affd., no opinion, 215 N. Y. 703. The appraiser had no jurisdiction to report a tax assessable upon the value of the widow's dower right nor the court to enter an order taxing the same. The right of dower is not taxable. *Matter of Riemann,* 42 Misc. Rep. 648; *Matter of Weiler's Estate,* 122 N. Y. Supp. 608; affd., 139 App. Div. 905.

The case at bar is not like *Matter of Townsend,* 215 N. Y. 442, where a legacy to the petitioner was improperly taxed for the reason that the petitioner was a charitable corporation. The petitioner had not raised the question nor put in its claim of exemption before the appraiser nor was there any evidence submitted to the appraiser to show that it came within the purview of the statute. Under these circumstances the Court of Appeals held that the question was one addressed to the judicial discretion of the surrogate, and *that* as he had determined that the oversight of the respondent and failure on its part to bring to the attention of its attorneys information possessed by it when it was notified of the hearing, was not sufficient cause to grant a new hearing his determination should stand. In that case the legacy was transferred by the will of the decedent and the exemption depended upon whether the particular corporation came within the statute. In the case at bar, however, the dower which was taxed was not transferred to the decedent by the will. It was vested as an inchoate right on her marriage and became consummate upon her husband's death independent of his will and not by virtue thereof. *Matter of Weiler's Estate, supra.* In *Matter of Townsend,* 153 App. Div. 85, a summary of cases where the surrogate has exercised his power in opening and modifying orders, is set forth, and while the Court of

Appeals reversed the Appellate Division in that case, the right of the surrogate to modify an order after the time to appeal has expired, as there stated, does not appear to have been challenged. There being no dispute as to the value of the dower and the tax to be assessed upon the property transferred to the decedent less that erroneously assessed, it is unnecessary to refer the matter back to the appraiser. The relief prayed for is, therefore, granted and the proposed order signed.

Decreed accordingly.