In the Matter of the Appraisal of the Estate of ESTELLE LIVINGSTON REDMOND, Deceased, under the Acts in Relation to Taxable Transfers of Property.

EUGENE M. TRAVIS, State Comptroller, Appellant; LEWIS CASS LEDYARD, JR., as Executor, Respondent.

Second Department, December 29, 1919.

Tax — transfer tax — will creating possibility of partial intestacy — tax assessed on basis of contingency — intestacy rendered impossible by subsequent events — power of surrogate to change tax after payment and order refund — Code Civil Procedure, section 2490, and Tax Law, section 225, construed.

Where under a will creating a life estate with remainders over, which are placed in trust during the life of the remaindermen with a provision that the issue of the remaindermen take *per stirpes* and with a further provision for the distribution of the remainder in case a remainderman failed to exercise the power of appointment by will, there is no provision for the possible contingency that all the remaindermen die without issue prior to the death of the life tenant, so that on the happening of such event the testator would die intestate except as to the life estate, it was proper for the transfer tax to be assessed in accordance with the possible intestacy.

But, where the transfer tax has been assessed as aforesaid and the life tenant has died since the payment of the tax so that the intestacy becomes

impossible, the surrogate has power to modify the tax so that it shall accord with the actual situation which has developed. This power to reduce the tax is given to the surrogate by section 2490 of the Code of Civil Procedure, which applies to cases arising under the Transfer Tax Law, and empowers him to order a refund of the tax under the provisions of section 225 of the Tax Law, if such application is made within two years from the date of the entry of the order fixing the tax.

APPEAL by Eugene M. Travis, as Comptroller of the State of New York, from an order of the Surrogate's Court of Dutchess county, entered in the office of said Surrogate's Court on the 25th day of March, 1919, modifying a prior order of said court entered in said clerk's office on the 27th day of March, 1917, fixing the transfer tax on the estate of Estelle Livingston Redmond, by eliminating the ultimate remainders after the life estates of her husband and her sons from the value of the decedent's taxable property and reducing the total tax against her estate by the amount of the tax assessed against those remainders.

*Schuyler C. Carlton* [*W. E. Hoysradt* with him on the brief], for the appellant.

*John G. Milburn* [*Heber Smith* with him on the brief], for the respondents.

JAYCOX, J.:

Estelle L. Redmond, at the time of her death, on June 17, 1916, left her surviving her husband, Geraldyn Redmond, and her three sons, Johnston L. Redmond, Roland L. Redmond and Geraldyn L. Redmond. She left a last will and testament which was admitted to probate by the Surrogate's Court of the county of Dutchess on the 26th day of June, 1916. By the 6th paragraph of this will Mrs. Redmond left all her residuary estate to her husband for life and directed that upon his death the residuary estate should be divided into as many parts as there should be sons of her surviving at her husband's death and sons theretofore deceased leaving issue then surviving. As to the share of each son living at the death of the father the will further provided that each such share should be held by trustees during the life of such son and the income of the share so held for each son paid to

him, and gave to each son power to appoint by will the distribution of the remainder after his death in the share held in trust for him. In case of a failure of any son to appoint, the distribution of that remainder was provided for in the will.

It is clear that the will made provision for every contingency but one — and that was the death of all of the sons of the testatrix without issue prior to the death of their father. In that event the testatrix would have died intestate as to all of the estate except the life estate given to her husband. The Tax Law, to state the matter in the briefest possible way, provides that in a situation such as here presented a tax must be imposed in accordance with the contingency that authorizes the imposition of the tax at the highest rate. (Tax Law, § 230, as amd. by Laws of 1916, chap. 550; *Matter of Vanderbilt*, 172 N. Y. 69; *Matter of Burgess*, 204 id. 265.) So, under this will, the tax was imposed in accordance with the possibility that all of the sons might die without issue before their father. This tax, as fixed by appraisal, was paid. Since the payment of this tax the father has died and, therefore, the contingency of an intestacy is no longer present. After this event happened a petition was presented to the Surrogate's Court asking that the order theretofore made herein be modified and changed by imposing the tax in accordance with the actual situation at that time. This motion was opposed by the Comptroller but was granted by the surrogate and it is the order thus entered from which the Comptroller appeals.

The order resulted in a reduction of the tax by $46,848.29.

Section 2490 of the Code of Civil Procedure, subdivision 6, gives the surrogate power " To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause." This power has frequently been exercised by surrogates in cases arising under the Transfer Tax Law. (*Morgan* v. *Cowie*, 49 App. Div. 612; *Matter of Silliman*, 79 id. 98; affd., 175 N. Y. 513; *Matter of Scrimgeour*, 80 App. Div. 388; *Matter of Cameron*, 97 id. 436; affd., 181 N. Y. 560; *Matter of Backhouse*, 110 App. Div. 737, affd., 185 N. Y. 544; *Matter of Willets*, 119 App. Div. 119; affd., 190 N. Y. 527; *Matter of*

*Townsend,* 153 App. Div. 85; revd., on other grounds, 215 N. Y. 442; *Matter of Warren,* 62 Misc. Rep. 444; *Matter of Weiler's Estate,* 122 N. Y. Supp. 608; affd., 139 App. Div. 905; *Matter of Tillinghast,* 94 Misc. Rep. 76; affd., 184 App. Div. 886; *Matter of Tillinghast,* 94 Misc. Rep. 50; affd., 184 App. Div. 886.) That this power given to the surrogate by the Code of Civil Procedure may be exercised to procure a refund of a tax that should not be retained is clearly indicated by section 225 of the Tax Law (as amd. by Laws of 1911, chap. 308), which provides in part as follows: " If after the payment of any tax in pursuance of an order fixing such tax, made by the surrogate having jurisdiction, such order be modified or reversed by the surrogate having jurisdiction within two years from and after the date of entry of the order fixing the tax, or be modified or reversed at any time on an appeal taken therefrom within the time allowed by law on due notice to the State Comptroller, the State Comptroller shall, if such tax was paid in a county in which the office of appraiser is salaried, refund to the executor, administrator, trustee, person or persons by whom such tax was paid, the amount of any moneys paid or deposited on account of such tax in excess of the amount of the tax fixed by the order modified or reversed, out of the funds in his hands or custody to the credit of such taxes, and to credit himself with the same in the account required to be rendered by him under this article, or if paid in a county in which the office of appraiser is not salaried, he shall by warrant direct and allow the county treasurer of the county to refund such amount in the same manner."

When this application was made, two years had not elapsed and I think the surrogate was authorized and justified in making the order directing the refund.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concurred.

Order of the Surrogate's Court of Dutchess county affirmed, with ten dollars costs and disbursements.