In the Matter of the Estate of MARY J. ODELL, Deceased.

Surrogate's Court, New York County, April, 1923.

**Transfer tax — value of real property incumbered by a lease — no fixed method of computation — evidence sufficient to sustain original order.**

Where decedent at the time of her death was the owner of real estate no arbitrary rule of computation can be established to ascertain upon a transfer tax proceeding the deduction from the value of the fee because of the burden of a lease thereon.

Upon a motion by the executor to vacate an order fixing the transfer tax he claimed that the original valuation should be reduced by the sum of $38,156, and it was made to appear that the appraiser accepted the valuation submitted by the same expert whose affidavits were submitted upon the present motion

in behalf of the executor.  *Held,* that the motion, made just before the expiration of the two-year period during which the surrogate is authorized to modify or reverse the order fixing the transfer tax, will be denied.

MOTION to vacate order fixing a transfer tax.

*Geller, Rolston & Blanc,* for executors.

*Lafayette B. Gleason* (*Schuyler C. Carlton,* of counsel), for State Tax Commission.

FOLEY, S.  The executor moves to vacate the order fixing the transfer tax made the 18th day of February, 1921, under section 225 of the Tax Law.  The motion was made just before the expiration of the two-year period during which the surrogate is authorized to modify or reverse such an order.  The application is denied.

The executor claims that the real estate owned by the deceased was burdened by certain leases, and for that reason the original valuation should be reduced by the sum of $38,156.  An examination of the papers filed upon the original appraisal shows that the appraiser accepted the valuation submitted by the same expert, whose affidavit is submitted in this proceeding in behalf of the executor.  It is clear that the executor, at that time, knew of the terms of these leases and was chargeable as a matter of duty and law with such knowledge.  There is no question here that the surrogate had jurisdiction to tax the transfer.  The only complaint is the failure of the representative of the estate to claim a lower valuation.  In my opinion in *Matter of Russell,* 119 Misc. Rep. 12, I held that no arbitrary rule of computation can be established to ascertain the deduction from the value of the fee, because it was burdened by a lease.  The lease may be a benefit or detriment, but its duration, covenants and the rental fixed are simply elements along with many other considerations used to arrive at the value of the property.  Other factors to be considered are the character of the property, its location, the condition of the buildings, the scale of rents in the neighborhood and the adaptability of the premises.  *Larkin* v. *Misland,* 100 N. Y. 212; *People ex rel. United States Rubber Co.* v. *Knapp,* 232 id. 153; *Matter of City of New York* (*Seventh Avenue*), 196 App. Div. 451, 456; *Clarkson* v. *Skidmore,* 46 N. Y. 297; *Matter of City of New York* (*Delancey Street*), 120 App. Div. 700, 706.

The authorities cited by the executor, where the taxing order was vacated, were in most cases based upon lack of jurisdiction in the court to tax the transfer.  *Morgan* v. *Cowie,* 49 App. Div. 612; *Matter of Coogan,* 27 Misc. Rep. 563; affd., 45 App. Div. 628; affd., 162 N. Y. 613; *Matter of Silliman,* 79 App. Div. 98; affd., 175

N. Y. 513; *Matter of Scrimgeour*, 80 App. Div. 388; affd., 175 N. Y. 507. In other cases the order was modified where the property subsequently passed to a more favored class than that against which the tax was originally assessed. *Matter of Redmond*, 190 App. Div. 180. Mere afterthought by the executor, or the subsequent presentation of facts or opinions, which were available to him at the time of the original appraisal, are insufficient to invoke the court's discretion. Surrogate's Court Act, § 20, formerly Code Civ. Pro. § 2490, subd. 6; *Matter of Townsend*, 215 N. Y. 442, revg. 153 App. Div. 85; *Matter of Lowry*, 89 id. 226; *Matter of Van Nest*, N. Y. L. J. Nov. 8, 1913; affd., 169 App. Div. 937.

Submit order accordingly.

Decreed accordingly.