In the Matter of the Estate of EMILY TUCKERMAN, Deceased.

Surrogate's Court, New York County, March 9, 1927.

Taxation — transfer tax — powers of appointment — by decedent's will, one brother and child of deceased sister received less of property, under powers of appointment, than each would have received in default of exercise of powers — exercise of powers is ineffectual and property passes under donor's will and deed of trust — order fixing transfer tax pursuant to two powers of appointment modified — fact that pro forma order assessed tax on transfer, which was not subject to jurisdiction of court, does not warrant dismissal of application to modify order.

Decedent, by deed of trust executed by her father, was given a life estate in one-seventh of a trust fund conveyed under the trust, and, under his will, one-

seventh of the residuary estate, with unlimited power of disposition over one-half of the fund in each instance, and with power to dispose of the other one-half to lineal descendants of her father. It was further provided that, in the event she died without issue, and without effectually exercising the powers, the fund should be transferred to the then surviving children of the donor and the issue then living of his deceased children *per capita*. Decedent died without issue, leaving surviving two brothers, the issue of two deceased brothers, and the issue of a deceased sister.

Since said decedent's brother and a child of a deceased sister received less by appointment under decedent's will than they would have received under the deed and will of decedent's father, the exercise of the powers of appointment was ineffectual and the property passed, under the deed of trust and the will of decedent's father, and consequently the order fixing the transfer tax should be modified so as to eliminate the tax on property taxed as being transferred pursuant to the exercise of the powers of appointment.

The fact that the *pro forma* order assessed a tax on a transfer which was not subject to the jurisdiction of the court, does not warrant the dismissal of the application to modify the order, since, where jurisdiction has been mistakenly assumed, the court has power to modify the *pro forma* order.

APPLICATION to modify order fixing transfer tax.

——————  ——————.

——————  ——————.

FOLEY, S. This is an application to modify the order fixing the transfer tax, so as to eliminate the tax on property taxed as being transferred pursuant to the exercise of two powers of appointment. The decedent died April 18, 1924. The order fixing tax was entered February 16, 1925, and no appeal therefrom was taken.

The decedent exercised two powers of appointment given her by her father, Lucius Tuckerman — one under a deed of trust executed January 1, 1885, and the other by his will. He died June 10, 1890. The provisions as to the powers of appointment were the same in the will as in the deed. This decedent was given a life estate in one-seventh of the trust fund conveyed in the deed and one-seventh of the residuary estate, with unlimited power of disposition over one-half of the fund in each case, and with power to dispose of the other one-half to lineal descendants of her father. It was further provided that, in case she died without issue and without effectually exercising the powers, the corpus should be transferred to the then surviving children of the donor and the issue then living of his deceased children *per capita*. The decedent died without issue. At her death there were living two brothers, the issue of two deceased brothers, and the issue of a deceased sister. By her will one of the brothers and a child of a deceased sister received less of the property subject to the powers of appoint-

ment than each of them would have received in default of the exercise of the powers.

The application is granted. As the appellants received less under the will of the decedent than they would take under the deed and will of the donor, the exercise of the power is ineffectual, and the property passes under the donor's will and deed. (*Matter of Taylor,* 239 N. Y. 582, affg. 209 App. Div. 299, affg. 121 Misc. 7; *Matter of Lansing,* 182 N. Y. 238; *Matter of Backhouse,* 185 id. 544, affg. 110 App. Div. 737; *Matter of Slosson,* 216 N. Y. 79.)

The preliminary objection made by the State, that the application should be dismissed because the question is one of law, and the sole remedy by appeal, is overruled. In the instant case, the *pro forma* order assessed a tax on a transfer which was not subject to the jurisdiction of the court. Where jurisdiction has been mistakenly assumed, the court has power to modify the *pro forma* order. (*Matter of Putnam,* 220 App. Div. 34; *Matter of Backhouse, supra; Matter of Silliman,* 79 App. Div. 98; affd., 175 N. Y. 513; *Matter of Scrimgeour,* Id. 507.)

Submit order on notice, modifying the order fixing the transfer tax, in accordance with this decision.