---

(76 Misc. Rep. 88.)

### In re ALLEN'S ESTATE.

(Surrogate's Court, Washington County. March, 1912.)

TAXATION (§ 876*)—TRANSFER TAX—CHARITABLE BEQUESTS.

A bequest to the trustees of a Masonic asylum fund, the income to be used for the education of children who were inmates of a Masonic Home, is not subject to a transfer tax under Tax Law (Consol. Laws 1909, c. 60) § 221, providing that real property devised to a charitable, educational, or benevolent corporation shall be exempt from the transfer tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1693–1699; Dec. Dig. § 876.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the estate of Marcus C. Allen. From an order entered on the report of an appraiser assessing transfer tax, certain legatees and devisees have appealed. Modified.

Abel Crook, for appellant Trustees of Masonic Hall and Asylum Fund.

Willoughby L. Sawyer, for appellant executrix.

Thomas A. Sherman, for respondent State Comptroller.

FRASER, S. The Trustees of the Masonic Hall and Asylum Fund, a legatee and devisee under the last will and testament of Marcus C. Allen, deceased, and Josephine H. Allen, individually, and as executrix of said last will and testament, have severally appealed from the order heretofore entered on the report of the appraiser herein fixing and assessing the transfer tax on the estate of said decedent, in so far as said order determines that the legacy and devise under said will to the Trustees of the Masonic Hall and Asylum Fund is taxable. The clause in said will containing said legacy and devise is as follows:

"All of the residue of the rest, residue and remainder of my estate, remaining after the payment of the aforesaid bequests and legacies, I give, devise and bequeath to the corporation organized and existing under the laws of the State of New York, known and designated as the 'Trustees of the Masonic Hall and Asylum Fund' the same to be forever kept as a separate and distinct fund, known and designated as the 'Allen Fund,' as a testimonial from my wife and myself, to be invested and reinvested and kept invested by said Trustees, the income therefrom to be used in the discretion of the said Trustees for the higher education of worthy and capable children, who have been inmates of the Masonic Home at Utica, N. Y., for the required length of time."

The Trustees of the Masonic Hall and Asylum Fund was first incorporated by chapter 272 of the Laws of 1864 of the state of New York, and this act of incorporation was amended by chapter 666 of the Laws of 1898, whereby section 4 of the above act was made to read as follows:

"Sec. 4. It shall be the object of the corporation hereby created to build and maintain a Masonic Hall in the city of New York for the meetings of the Grand Lodge, or General Assembly of Masons, and for the accommodation of other Masonic bodies or associations and out of the income derived from the rent or income thereof, or other sources, to build, establish and maintain an asylum or asylums, a home or homes, a school or schools for the free education of the children of Masons, and for the relief, support and care of worthy indigent Masons, their wives, widows and orphans."

The appellants contend that the said legacy and devise to said corporation is exempt from taxation herein by virtue of section 221 of the Tax Law in relation to taxable transfers, wherein it is provided that:

"Any property devised or bequeathed to any person who is a bishop or to any religious, educational, charitable, missionary, benevolent, hospital or infirmary corporation, including corporations organized exclusively for bible or tract purposes, shall be exempted from and not subject to the provisions of this article. * * * But no such corporation or association shall be entitled to such exemption if any officer, member or employé thereof shall receive or may be lawfully entitled to receive any pecuniary profit from the operations thereof except reasonable compensation for services in effecting one or more of such purposes or as proper beneficiaries of its strictly charitable purposes; or if the organization thereof for any such avowed purpose

be a guise or pretense for directly or indirectly making any other pecuniary profit for such corporation or association or for any of its members or employés or if it be not in good faith organized or conducted exclusively for one or more of such purposes.".

It appears by the affidavit herein of the president of said corporation, which is not controverted, that the purpose of the corporation is charitable and educational, and that it has performed and is carrying out the object of its incorporation by the building of its hall in the city of New York, and the application of its net revenues exclusively to the maintenance of charity at its home in Utica in the state of New York, and that no officer, member, or employé of the said corporation receives or is lawfully entitled to receive any pecuniary profit from the operations of said corporation, except reasonable compensation for services in effecting one or more of such purposes or as proper beneficiaries of its strictly charitable purposes, and that the organization thereof is not a guise or pretense for directly or indirectly making any pecuniary profit for such corporation or for its members or employés, and that it is in good faith organized and conducted exclusively for such purpose, to wit, education and charity.

It is contended on behalf of the comptroller that, inasmuch as the education and the charity dispensed by this corporation are limited to a particular class—i. e., members of a fraternal organization and their wives, widows, and orphans—its charity or benevolence is not of a general or public nature, as its benefits are not open to aged and indigent men, their wives, widows, and orphans as constituting a general class of humanity, and that the appellant being a private charitable or benevolent corporation is not within the meaning or intent of the exceptions and limitations contained in section 221 of the Tax Law in relation to taxable transfers. City of Philadelphia v. Masonic Home, 160 Pa. 572, 28 Atl. 954, is cited in support of this contention. This case holds that a home without charge, exclusively for Presbyterians, Episcopalians, Catholics, or Methodists, would not be a public charity, and that, in order to be purely public, there must be no imposition of any qualification for admission not solely related to the public. It seems to this court that City of Philadelphia v. Masonic Home does not apply to the question now under consideration.

If there is doubt involved in this question, the doubt should be resolved in favor of the taxpayer, and against the taxing power, and the reason for this rule is that:

"The tax imposed by the act is not a common burden upon all the property or upon the people within the state. It is not a general but a special tax reaching only to special cases and affecting only a special class of persons. * * * It is a well-established rule that a citizen cannot be subject to special burdens without the clear warrant of the law." Matter of Mergentime, 129 App. Div. 367, 113 N. Y. 948; 195 N. Y. 572, 88 N. E. 1125.

But there seems to be no doubt here.

The statute under which this corporation claims exemption provides that:

"Any property devised or bequeathed * * * to *any* * * * *educational, charitable* * * * benevolent * * * corporation * * * shall be exempted from and not subject to the provisions of this article."

The statute does not provide that the exemption shall be to a *public* educational, charitable, or benevolent corporation, but to *any* educational, charitable, or benevolent corporation, and surely it cannot be successfully contended that the corporation, the Trustees of the Masonic Hall and Asylum Fund, is not an educational and charitable corporation.

It follows that the order of the surrogate herein assessing and determining the tax should be modified by exempting from taxation herein the legacy and devise to the Trustees of the Masonic Hall and Asylum Fund, and an order will be entered accordingly.

Decreed accordingly.