Charles F. Bassett, Joseph H. Sutphin and Fannie D. Hulbert, Executors, and New York Life Insurance and Trust Company, a Corporation, Trustee,

v.

State of Illinois.

*Opinion filed February 17, 1915.*

1. Inheritance Tax—*in order to obtain refund claimant must appeal.* Claimants, in order to secure the transfer of certain shares of stock, owned by Henry C. Hulbert, deceased, a resident of New York, paid to the county treasurer of Cook County the amount of the inheritance tax as fixed by the county judge, but did not thereafter pray an appeal from the order of such judge fixing the tax. *Held,* that no recovery could be had.

2. Same—*must obtain decision in claimant's favor.* In order for a claimant to obtain a refund of an inheritance tax erroneously paid, he must obtain a decision in his favor in some court of competent jurisdiction.

3. Same—*order fixing tax not subject to collateral attack.* The order fixing an inheritance tax may not be attacked collaterally, as a basis of a refund of a tax erroneously paid.

4. Same—*section 10 quoted—no appropriation.* Section 10 of the Inheritance Tax law provides, that,

"When any amount of said tax shall have been paid erroneously to the State Treasurer, it shall be lawful for him on satisfactory proof rendered to him by said county treasurer of said erroneous payments to refund and pay to the .executor, administrator or trustee, person or persons who have paid any such tax in error the amount of such tax so paid, provided, that all applications for the repayment of said tax shall be made within two years from the date of said payment."

Since no appropriation has ever been made to the State Treasurer for the purpose of refunding taxes erroneously paid, it is impossible for him to comply with the law.

5. Practice—*Court not a court of review.* The Court of Claims does not sit as a court of review, to pass upon the decisions of other courts.

Robert E. Turney, for Claimants.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

Charles F. Bassett, Joseph H. Sutphin and Fannie B. Hulbert, as executors, and New York Life Insurance and Trust Company, as trustee, all under the will of Henry C. Hulbert, deceased, have presented their claim for a refund of inheritance tax which, as they say, was erroneously paid.

Decedent was a resident of the State of New York, and died on April 24, 1912. Letters testamentary were issued to the above named executors by the surrogate court of Kings County, New York. The trust company was appointed trustee of $1,700,000.00, for purposes as set forth in the 54th paragraph of the will of the decedent.

Included in decedent's estate, were 9,625 shares of stock of the Pullman Company, an Illinois corporation, 400 shares of preferred stock of the National Biscuit Company, a New Jersey corporation, and 300 shares of common stock of said National Biscuit Company.

On October 1, 1912, an inheritance tax appraiser, previously appointed by the county judge of Cook County, Illinois, made a report to the county court, in which he assessed the value of the Pullman Company stock at $1,549,625.00, of the National Biscuit Company preferred at $5,160.00, and of the National Biscuit Company common stock at $4,488.25, and he assessed the net estate of Susan C. H. Sutphin, assessable in Illinois, after deducting exemptions, at $759,636.87, and of Caroline H. Bassett at a like amount. These two parties were daughters of the decedent. The appraiser applied a rate of two per cent, fixing the tax on each share at $15,192.74.

The Attorney General and State Treasurer had refused to consent to the transfer under section 9 of the inheritance tax law of the above described stock certificates, and the executors paid $28,866.21, being the amount of the tax less five per cent, to the county

treasurer of Cook County. This amount was duly remitted by the county treasurer to the State Treasurer.

Claimants did not appeal from the order of the county judge, but on February 26, 1914, they filed a petition in the county court of Cook County, asking that the order of the county judge be vacated and praying for a new appraisal.

On April 15, 1914, this petition was denied, but the county judge in denying same, filed a memorandum opinion stating, that the reason for the denial of the petition was, that the time designated in which the county court may review the errors complained of had passed, but he also stated, that notice had been served by the inheritance tax appraiser of hearing for the purpose of taxation upon the county treasurer of Cook County, the attorney for executors, the executors and two residuary beneficiaries, but no one else had been served. He also stated in said opinion, that the appraiser and county judge did not follow the evidence as to actual distribution of the property, but in error acted without regard to the proof made in the appraisement. The evidence submitted at the appraisement was to the effect, that the executors intended to distribute the Pullman Company stock subject to the 54th article of the will of the decedent, but the appraiser taxed same as though it were taken by the daughters, and the county judge said: "From a careful investigation of the proceedings, there is no question but what the appraiser and the county judge erred in the distribution for taxation of the property, and that an erroneous tax was assessed and that the allegations of the petition distributing said property for taxation and particularizing the same, are true." The judge further said: "There is no question but that a large part of the tax paid in this case was unlawful and erroneous, and that the said executors paid an excess and erroneous tax in the State of Illinois as alleged in the petition." But because of the fact that the statute provides remedy by appeal, the court denied the petition for re-hearing.

Claimants contend, that the Pullman Company stock passed to the trustee under the will as hereinabove stated, and, that it should pay the tax instead of the parties who did pay it, and that the appraiser arbitrarily distributed the stock to two daughters so that the tax would be high. They further claim that the order of the county judge was not submitted to them, and on the theory that the judge had followed the law, paid the tax. They further claim that after the time for appeal had elapsed, they learned of the errors, employed counsel and filed the petition for re-hearing. It is further claimed that the National Biscuit Company stock was not taxable, it appearing that it was taxed on the theory that while this company was a non-resident corporation, it was licensed to do business in Illinois, and had more than ten per cent of its property in this State. It was further shown by claimants that in the memorandum opinion of the county judge filed with the order denying a re-hearing, that the amount erroneously paid was $12,067.00, and that afterwards the executors in making distribution of the Pullman Company stock found it necessary to divert some of the stock so that the erroneous tax actually amounted to $10,268.59.

Claimants contend that under section 10 of the inheritance tax law, it is unnecessary to appeal from the county judge to the county court, and assert that this section does not specify that as a condition precedent, there must be a reversal of the order of the county judge before application shall be made for a refund.

Claimants cite the case of *In re Hoople,* 179 N. Y., 308, 72 N. E., 229, as completely establishing their right to a refund. In that case, it appears that decedent died on June 7, 1905, and an inheritance tax was fixed and paid. The estate consisted partly of United States bonds. It was subsequently held that United States bonds were not taxable, and eight years after the making of the assessment, the executor in that case petitioned the surrogate court to vacate that part of

the order which related to the taxation of United
States bonds. The petition was granted and under the
New York law the State Comptroller was ordered to
refund $660.00. The Comptroller appealed, and finally
in the Court of Appeals the order was reversed on the
ground that application had been made too late, in
that, the time within which such application could be
made was limited by statute to five years. The Court
also pointed out that a surrogate had power under the
statute to reverse an order fixing a transfer tax by
directing a refund.

Claimants also point out that our Supreme Court in
*In re Ullmann*, 263 Ill., 528, 530, said: " * * * The most
that can be said in support of the opposite side is that
the language used leaves the legislative intent in some
doubt. In that case the doubt would be required to be
resolved in favor of appellant, for the tax sought to be
collected is a special tax and the law imposing it is
required to be construed strongly against the govern-
ment and in favor of the tax payer."

Claimants also contend, that the proceedings before
the county judge were defective, in that, all parties in-
terested were not notified in the appraisement proceed-
ings, and they argue that section 11 of the inheritance
tax law makes it a condition precedent to the jurisdic-
tion of the court and the appraiser, that notice be given
by mail to all parties known to have or claiming an
interest in such property, and claimants assert that
parties interested in the Pullman Company stock were
all of the beneficiaries under the 54th article of the
will, and it is apparent on the face of the record that
all were not served, and cite New York cases in sup-
port of their contention. Counsel for claimants con-
tend, that an appeal was not necessary under section
10 of the law, but that the mere fact that error is ap-
parent should suffice for this Court to order a refund.
On the other hand, the State sets up that the order of
the county judge was not set aside but remains in full
force and effect, that the petition for rehearing was

dismissed by the county court and no appeal was prosecuted from this order; that provision for refund of inheritance tax by the State Treasurer is found in section 10, but that no appropriation has been made to the State Treasurer for this purpose; that this Court is not a court of review to pass upon the findings of another court; that claimants, not having prosecuted an appeal from the county judge and obtained a decision in their favor, may not obtain an award in this Court; that this tax was paid voluntarily; that the claimants endeavor to secure an award by collateral attack of the order of the county judge; and that this Court has previously held, during the October session of 1912, in support of the contention of the State.

It is provided in section 11 of the inheritance tax law, that an appeal may be taken from the order of the county judge fixing an inheritance tax, to the county court within sixty days of the making of the order, and section 10 of the law is as follows:

"When any amount of said tax shall have been paid erroneously to the State Treasurer, it shall be lawful for him on satisfactory proof rendered to him by said county treasurer of said erroneous payments to refund and pay to the executor, administrator or trustee, person or persons who have paid any such tax in error the amount of such tax so paid, provided that all applications for the repayment of said tax shall be made within two years from the date of said payment."

In the case of *United States Trust Company of New York, Executors, etc.,* v. *State of Illinois,* decided at the October Term, 1912, of this Court, this Court said:

"This Court is asked to review the proceedings in the county court, and the order of the county judge, and hold that the county court has no jurisdiction. Claimant has not followed the plain provisions of the law provided for the reviewing of the order of the county judge by an appeal to the county court. The order of the county judge consequently stands unquestioned, except by this application to this Court, and

this Court is asked to assume the power conferred upon the county court under the statute in question and reverse the order of the county judge. We are of the opinion, that this Court has no such jurisdiction conferred upon it, and that so far as this Court is concerned, the inheritance tax in question is a legal tax and was not erroneously paid, and continues to be a legal tax until such time as an appeal is prosecuted according to the statute in question and the order of the county judge reversed by a court of competent jurisdiction. This Court cannot review the order of the county judge. The statute in question provides for the manner of reviewing the order of the county judge, and it is essential and necessary that any one desiring a refund of inheritance taxes claimed to have been paid erroneously, must first have the inheritance tax declared erroneous by some court of this State in accordance with the inheritance tax law, and inasmuch as the claimant in this case has wholly neglected to take the steps provided by this law, we are compelled to dismiss its claim without a consideration of the merits of the same.''

We are not disposed to hold differently now with respect to the statement made by the court in that case. The New York cases cited by counsel for claimants arose under statutes permitting appeals and application for rehearing, and the jurisdiction of this Court is not that of a court of review in any sense. We cannot arrogate unto ourselves in this case the authority which was conferred by statute on the New York Court of Appeals as in the *Hoople case,* and we are not permitted to review the erroneous order of the county judge. We are satisfied that the order was erroneous, and we are further satisfied of the truth of the facts as presented by claimants, and there is no doubt but that the State of Illinois has received from claimants $10,268.59 more than it is actually entitled to receive.

With this statement of the opinion of the Court, it will not be necessary to consider any other of the questions raised, if we were satisfied to reject this claim instead of rejecting same without prejudice. To hold otherwise, it would be necessary for us to so construe the statute that, the application to the State Treasurer alone should be considered, and an appeal would be but surplusage and unnecessary. Effect, however, must be given to all parts of the statute, if possible, and the intent of the legislature it is apparent was, that before a refund can be had of tax erroneously paid on order of the county judge, an appeal must be taken to the county court, the order of the county judge must be changed or modified, and application made to the State Treasurer for the refund based on the final order of court within two years as provided in section 10.

If then, the order of the county judge is a final order, and it is in this case, that order cannot be collaterally attacked in this Court, and it would appear that this proceeding is of that nature.

If this were a case between parties subject to the jurisdiction of a circuit court, and if the claimants had paid the tax under a mistake of fact, they would undoubtedly be entitled to some manner of equitable relief. But it does not appear that the money in this case was paid under a mistake of fact, but on the contrary it clearly appears that it was paid under a mistake of law for which there can be no such relief.

On the other hand, this case is different in its nature than one between parties subject to a circuit court's jurisdiction in that, the sovereign State of Illinois made the law under which it received this tax, and it would not seem entirely just and equitable that it should retain moneys which, if its own laws were properly administered, it would not have received. But this thought would not justify us in any manner in finding the issues for the claimants, but in the rejection of the claim, we feel that we are justified in rejecting

same without prejudice to the rights of claimants, as we are permitted to do by statute, so that the State, by its legislature, may make amends if it so sees fit.

It is the judgment of this Court, that the claim be rejected, but without prejudice to the rights of claimants to present their claim to the legislature or proceed in any other court if they may so see fit.