Matter of the Estate of ROBERT A. TUCKER, Deceased.

(Surrogate's Court, New York County, August, 1919.)

Transfer tax — when order assessing, will be vacated — wills — jurisdiction — Laws of 1885, chap. 483.

>Where the will of a decedent who died in 1886, a resident of the island of Bermuda, leaving personal property in the state of New York, was admitted to probate therein, an order assessing a transfer tax in a proceeding instituted under chapter 483 of the Laws of 1885, will be vacated on the ground that the court had no jurisdiction in the matter.

APPLICATION by beneficiaries under a will to vacate an order fixing the transfer tax.

Joseph F. McCloy (Thomas A. S. Beattie, of counsel), for petitioners.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

COHALAN, S. This application is made by two beneficiaries under the will of the decedent to vacate an order of this court dated July 13, 1888, fixing the tax on the inheritance or transfer to them under said will.

The decedent died December 9, 1886, a resident of the Island of Bermuda, leaving personal property within this state. His will was admitted to probate in this county as that of a nonresident. One of the executors

filed a petition dated February 15, 1888, addressed to this court, praying that the amount of the " collateral inheritance tax," if any, due the state, be ascertained. An order was entered appointing an appraiser, who filed his report, in which he found that each of the petitioners herein received an interest from the estate of decedent in the sum of $76,552.63, and that a tax of $3,827.63 was due on each share. Thereafter the report of the appraiser was confirmed by an order dated July 13, 1888, to vacate which this application is made. The tax was subsequently paid.

The statute under which the proceeding to determine the tax was instituted was chapter 483 of the Laws of 1885. The Court of Appeals held in *Matter of Enston*, 113 N. Y. 174, that the property within this state of a nonresident decedent was not taxable under the act of 1885. This court had therefore no jurisdiction in the matter, and the order assessing the tax was void.

In the absence of legislative restrictions on the exercise of its power the court may, without regard to the lapse of time, vacate a decree which is void for lack of jurisdiction. *Kamp* v. *Kamp*, 59 N. Y. 212. My attention has not been called to any provision of law which limits the time within which this court may set aside a decree which was granted because the court had no jurisdiction over the subject matter.

It is urged by the state comptroller that the granting of this application would be a futile act, since the petitioners herein could not obtain a refund of the tax. The decision of the Court of Appeals in *Matter of Hoople*, 179 N. Y. 308, is cited to show that section 6 of article 7 of the State Constitution presents an insuperable obstacle to the recovery of the money from the state. I do not think that the court, on this motion, is concerned with the subsequent plans of the peti-

tioners herein to recover the money paid pursuant to the void order. If, as contended by the state comptroller, it will be impossible for them to succeed in obtaining the refund, then it is obvious that the interests of the state are not prejudiced by the granting of the application. I think the discretion which this court undoubtedly possesses to grant the relief should be exercised in favor of the petitioners.

The application to vacate the order fixing the tax is granted.

Application granted.