In the Matter of the Estate of JAMES K. HACKETT, Deceased.

Surrogate's Court, New York County, March 16, 1929.

*Olcott, Olcott & Glass* [*William Polglase* of counsel], for the petitioner.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S. The executors take this appeal from the report of the transfer tax appraiser and the order entered thereon upon the following grounds: (1) That the tax imposed upon the transfer to the Actors' Fund of America is illegal for the reason that the bequest to that organization is exempt from taxation under the provisions of the Tax Law; (2), (3) and (4) that the tax imposed upon each of the respective transfers to The Players, The Lambs and the Actors Equity Association is likewise illegal for the same reason; (5) that the tax assessed against the trustees for the benefit of Mrs. E. M. Beckley is illegal for the reason that this decedent died in October, 1928, and will receive no benefit from this estate; (6) that the tax assessed against the trustees, on a transfer for the benefit of a theatre, is illegal for the reason that this bequest is exempt from taxation under the Tax Law, the bequest having been made for a charitable, benevolent and educational purpose.

The decedent died on November 8, 1926. By his will he made bequests, among others, to the Actors' Fund of America, The Players, The Lambs and The Shakespeare Memorial Theatre (named in the will as the National Memorial Theatre). It is unnecessary to consider the bequests set forth in the fourth and fifth grounds of this appeal as these grounds of appeal are withdrawn by the executors. It is the claim of the executors that the bequests to the other organizations named are exempt from transfer tax under section 221 of the Tax Law (as amd. by Laws of 1928,

chap. 844), which provides, in part, that "Any property devised or bequeathed .* * * to any religious, educational, library, charitable, missionary, benevolent, hospital or infirmary corporation, wherever incorporated, * * * shall be exempted from and not subject to the provisions of this article." The only question to be determined, therefore, is whether or not the four corporations are included within the class of corporations transfers to which have been specifically declared exempt by the Legislature under this section of the statute.

The objection by the State Tax Commission to the reception on this appeal of the affidavit of William M. K. Olcott, one of the executors, is overruled. The affidavit is made by one with a knowledge of the facts and states the purposes of these corporations as set forth in their charters or in the acts incorporating them. In it no attempt is made to show that any of the corporations in question has exercised powers outside of those specifically granted to it. The statement of the executor that no part of the net earnings of any of the corporations inure to the benefit of any stockholder, member or individual, and that no officer, member or employee thereof receives any pecuniary profit from its operations, except reasonable compensation for services, is uncontradicted.

The first ground of appeal is sustained. The Actors' Fund of America was organized by a special act of the State Legislature (Laws of 1882, chap. 327, as amd. by Laws of 1893, chap. 275) " to advance, promote, foster and benefit the condition and welfare of the members of said corporation (and of other persons belonging to the theatrical profession and their families), and the destitute sick belonging to the theatrical profession in the United States of America, in such way and manner and at such times as may be provided in the by-laws and regulations of said corporation." The corporation actually maintains a home for aged and indigent members of the theatrical profession and it is for the benefit of the inmates of this home that the bequest to this organization was made by the decedent. A corporation of this kind, the purposes of which are exclusively to benefit the condition and welfare of persons of the theatrical profession and their families, which maintains a home for their care and no officer, member ·or employee of which is entitled to receive any pecuniary profit from its operations, except reasonable compensation for services, is clearly a benevolent and, to my mind, a charitable corporation and the bequest to it is exempt from transfer tax. (*Matter of Hiteman,* 110 Misc. 617; *Matter of Altman,* 87 id. 255; *Matter of Allen,* 76 id. 88.)

The second and third grounds of appeal are denied. The purposes of The Players, a membership corporation, are stated to be

the promotion of social intercourse between members of the dramatic profession, creation of a library relating especially to the history of the American stage and the preservation of pictures, photographs and curiosities relating to the theatre. The purposes of The Lambs, also a membership corporation, are social recreation and the cultivation of musical, literary and artistic talent. No proof whatever is offered to show that these corporations are charitable, educational or benevolent. The cases cited by the executors to sustain the contention that transfers to these corporations should be exempt from tax are not in point. In *Matter of Mergentime* (129 App. Div. 367; affd., 195 N. Y. 572) one of the purposes of the Metropolitan Museum of Art, as provided for by the special act of incorporation of the Legislature, was to furnish " popular instruction and recreation." It appeared that the museum was carrying out its purposes by furnishing such popular instruction and that universities, colleges and schools availed themselves of its educational privileges. The transfer to the Metropolitan Museum of Art was, therefore, declared exempt from tax on the ground that this was an educational corporation. In *Matter of Allen* (76 Misc. 88), also cited by the appellants, one of the express purposes of the corporation was " to build, establish and maintain an asylum or asylums, a home or homes, a school or schools for the free education of the children of Masons, and for the relief, support and care of worthy indigent Masons, their wives, widows and orphans." It affirmatively appeared that the corporation was a charitable and educational corporation and that the net revenues were applied exclusively to the maintenance of charity at its home in Utica, N. Y. In *Matter of Peabody* (124 Misc. 338) transfers to a corporation the purposes of which are similar to those of The Lambs were declared exempt from tax. In the *Peabody* case the purpose of the corporation was " to maintain a residence and retreat for persons actually and usefully engaged in artistic and creative work." The court based its decision, in part, upon the grounds that the corporation was not prohibited from extending its privileges to needy and destitute persons and that such an institution was designed to fulfill a purpose not accomplished by the ordinary forms of our government. The court further held that the establishment of such a retreat would confer a benefit upon the general public as well as upon particular individuals. There is no proof here, however, that either The Players or The Lambs is a corporation the purposes of which would entitle it to exemption from tax under section 221 of the Tax Law or that either of these corporations, in fulfilling its purposes, is actually engaged in educational, charitable or benevolent work. It is possible that education, charity

or benevolence may result incidentally from the carrying out of the purposes of these corporations but this fact does not make their express purposes charitable, educational or benevolent. (*Matter of De Peyster*, 210 N. Y. 216.)

The fourth ground of appeal is sustained. The Shakespeare Memorial Theatre exists under royal charter from King George V of the British Empire for the purpose of " keeping alive the memory of Shakespeare by the production and presentation of his plays " and " to assist and relieve poor and necessitous members of the theatrical profession * * *." Its charter provides that the income and property of the corporation shall be applied solely toward to the promotion of the objects of the corporation. The affidavit of the executors states that the theatre is in no sense maintained for the purpose of obtaining profits and that the net income from all sources is used solely for the purposes mentioned. This proof is uncontradicted. From the purposes of this corporation, as expressly provided in its charter, it is obvious that the corporation is a charitable and benevolent one and the transfer to it should be exempt from tax.

The application of the executors for an allowance of an additional deduction of the amount paid for the purpose of a burial plot and the erection of a monument cannot be considered on this appeal. (Tax Law, § 232, as amd. by Laws of 1921, chap. 476; *Matter of Fletcher*, 219 App. Div. 5, 16; *Matter of Harkness*, 134 Misc. 203; affd., 223 App. Div. 880.) The executors may apply for this relief by motion for a modification of the taxing order.

Submit order, on notice, modifying the taxing order in accordance with this opinion.