In the Matter of the Estate of ROBERT ABBE, Deceased.

Surrogate's Court, New York County, August 6, 1929.

*Cadwalader, Wickersham & Taft*, for the executors.

*Charles A. Curtin,* for State Tax Commission.

O'BRIEN, S. The executors appeal from the report of the transfer tax appraiser and the order entered thereon on the ground that the order is erroneous in assessing a tax on the transfers to the Alumnae Association of St. Luke's Hospital Training School for Nurses and to the Lafayette National Park Museum of Stone Age Antiquities, inasmuch as these transfers are of property bequeathed to educational, library, charitable or benevolent corporations within the meaning of section 221 of the Tax Law (as amd. by Laws of 1928, chap. 844), and are, therefore, exempt from tax.

The decedent died on March 7, 1928. By his will he bequeathed $10,000 to the Alumnae Association of St. Luke's Hospital Training School for Nurses and $25,000 to the Lafayette National Park Museum of Stone Age Antiquities. Both organizations are cor-

porations without capital stock, the former organized and existing under the Membership Corporations Law of the State of New York, and the latter organized and existing under the laws of the State of Maine. No person connected with either corporation receives any pecuniary profit therefrom except reasonable compensation for his services.

The purposes of the Alumnae Association, as set forth in its certificate of incorporation, are " to promote the interests of St. Luke's Hospital Training School for Nurses, to raise the standard of nursing generally, to cultivate social intercourse among the Alumnae of said School, to assist the members of such corporation in obtaining professional employment, to aid them in promoting and protecting their rights and interests, and to provide a fund for the benefit of sick, infirm or disabled nurses, graduates of said school."

The purposes of this corporation are to promote the welfare of the members of the association and the welfare of nurses generally. Clearly such an organization is a charitable and benevolent corporation and the bequest to it is exempt from transfer tax. (*Matter of Hackett*, 133 Misc. 768; *Matter of Hiteman*, 110 id. 617; *Matter of Altman*, 87 id. 255.)

The Lafayette National Park Museum of Stone Age Antiquities was incorporated " To acquire by gift, purchase, lease or otherwise, real estate or other property in Hancock County, State of Maine: To acquire, and hold for the purpose of making a permanent exhibit, of scientific and educational value for the public benefit, antiquities discovered in this region relating to the stone age period."

I hold that this corporation is educational within the meaning of section 221 of the Tax Law and that the bequest to it is exempt from tax. Its purposes are broader in character than those of the New York Historical Society which was held not to be exempt from tax as an educational corporation in *Matter of DePeyster* (210 N. Y. 216). The purposes of this latter organization were so limited by its charter that it was held to be a purely historical corporation. In the instant case the purposes of the Lafayette Museum are expressly declared to be educational and are similar to those of the Metropolitan Museum of Art and the Arnot Art Gallery which were declared to be exempt from tax, as educational corporations, in *Matter of Mergentime* (129 App. ·Div. 367; affd., 195 N. Y. 572) and *Matter of Arnot* (145 App. Div. 708; affd., 203 N. Y. 627) respectively.

Submit order on notice sustaining this appeal and modifying the taxing order in accordance with this opinion.