In the Matter of the Estate of SARAH E. HOLLAND, Deceased.

Surrogate's Court, Nassau County, October 3, 1930.

*Milton J. Bach*, for the executors.

*Harry M. Peyser*, for the State Tax Commission.

*Henry A. Uterhart*, special guardian for infant ward.

HOWELL, S. The *pro forma* order fixing the transfer tax in this estate was made October 11, 1929. No appeal was taken therefrom. On the clear market value of the property passing under decedent's will appraised as of the date of her death, executors' commissions were allowed and deducted at that time in the estimated sum of $21,604.32. At the time of the accounting in the estate, the assets had increased in value to such an extent that the executors' commissions amounted to and were allowed in the sum of $22,884.66, being $1,280.34 in excess of the amount estimated in the transfer tax proceedings.

In such proceedings, attorney's fees were estimated at $12,500, and deductions allowed to that extent. The amount of attorney's fees actually paid was $17,000, and an additional $600 as allowance to special guardian, making the sum of $5,100 in excess of the amount estimated.

The executors now seek a modification of the *pro forma* order so as to allow deductions for such excess over estimate in the sum of $6,380.34.

This relief could not have been obtained by appeal from the *pro forma* order, because such appeal must have been taken within sixty days thereafter under section 232 of the Tax Law (as amd. by Laws of 1921, chap. 476), and at that time the actual amount to be expended for executors' commissions and for counsel fees was not known. The executors, therefore, apply for a modification of the order under section 225 of the Tax Law (as amd. by Laws of 1921, chap. 476), which provides that the Tax Commission with the Comptroller's approval shall refund to the executor in two contingencies: (1). If the order fixing the tax is modified or reversed by the surrogate within two years after its entry; (2) if such order is modified or reversed at any time on an appeal taken therefrom within the time allowed by law.

It seems to me, therefore, that sections 225 and 232 of the Tax Law permit an executor to review an alleged erroneous taxing order by appeal taken within the sixty-day period, but also permit the executor, where the relief sought cannot be obtained by such appeal, to move within the two-year period for a modification of the order.

Referring to section 225 of the Tax Law, the court has said that its provisions " point out the way to avoid inequitable results and conflicting determinations in making deductions for debts and expenses of administration in advance before the exact amount is definitely known." (*Matter of Dimon,* 82 App. Div. 107, 110.)

It is indicated by way of dictum in the authority above cited that possibly the right to apply for modification should be reserved in the original order, but it does not seem to me that such reservation in a case of this kind should be necessary. Otherwise it would be required in every case, because in every case at the time of the making of the *pro forma* order the administration expenses can only be estimated.

No such requirement has been held necessary in other cases in which modification has been allowed. (*Matter of Silliman,* 79 App. Div. 98; affd., 175 N. Y. 513; *Matter of Willets,* 119 App. Div. 119; affd., 190 N. Y. 527; *Matter of Townsend,* 153 App. Div. 85; revd., 215 N. Y. 442; *Matter of Hackett,* 133 Misc. 768, 772.)

It cannot be disputed that the transfer tax is imposed upon the transfer by will of the property of which decedent died seized or possessed is due and payable at the time of the transfer, that is, the time of the decedent's death, and should be. fixed upon the clear market value of such property at that time, and is not affected by increase or decrease in such value between the time of decedent's death and the time of distribution. (*Matter of Penfold,* 216 N. Y. 163, and authorities therein cited.)

It is similarly beyond question that the transfer tax may not be imposed upon that portion of the estate which goes to the executor in the form of commissions. (*Matter of Gihon,* 169 N. Y. 443.)

In the present estate, it now appears that a tax has been imposed upon a portion of such commissions and upon a portion of the proper administration expenses in the form of counsel fees which have actually been allowed and paid. Under the authorities cited, a situation is presented authorizing the surrogate to act upon application of the executor for modification of the order within the two-year period under section 225 of the Tax Law.

*Matter of Silliman (supra)* seems decisive on that point. In that case a modification was sought upon two grounds: *First,* that after payment of the tax the personal property had been increased by an equitable conversion of real property so as to increase the amount of

the executor's commissions; and, *second*, that no deduction had been made for commissions to which the executors were entitled as trustees. The application was denied by the surrogate, upon the ground that the only remedy was by appeal under section 232 of the Tax Law. The Appellate Division, affirmed by the Court of Appeals, held as to the first ground that the surrogate had power to modify the prior decree so as to allow such commissions as deductions, and, as to the second ground, that the increase in personal property occurred so long after payment of the tax that relief on that ground could not have been obtained by appeal; and consequently reversed and remitted the case to the surrogate for proceedings accordingly.

In *Matter of Willets* (*supra*) the Appellate Division sustained the action of the surrogate in entertaining and granting a motion to modify the original order, where the motion was made within the two-year period.

In *Matter of Hackett* (*supra*) the surrogate he.a that an application by the executors for a deduction of expenses of acquiring a burial plot and erecting a monument could not be entertained upon appealing from the taxing order, but that the executors might apply for that relief by motion for modification of the order.

And in *Matter of Townsend* (*supra*) the reversal was not upon the ground of lack of power in the surrogate, but specifically upon the ground that the surrogate's refusal to modify had been a proper exercise of discretion.

In the instant case, therefore, the *pro forma* order of October 11, 1929, should be modified by permitting a further deduction for administration expenses of the sum of $6,380.34, which will reduce the amounts upon which the tax was fixed accordingly.

The power of the surrogate extends only to the making of such modification. It is not within his jurisdiction to order the refund. Whether such refund is due under section 225 of the Tax Law, and whether the Tax Commission will be required to make the same may be determined in mandamus or other proper proceeding. (*People ex rel. Metropolitan Trust Co.* v. *Travis*, 191 App. Div. 129; *Matter of Shepard*, 225 id. 782.)