John D. Bennett, S.
This is an application made May 20, 1959, to remit to the Estate Tax Appraiser for modification, correction and report, a report of said appraiser filed May 24,1957, upon which a pro forma order was made May 24, 1957, from which order no appeal was taken.
In the original tax proceeding all estate taxes were deducted from the residuary estate before computing the 10% payable to charity. Subsequently, in an accounting proceeding, this method of computation of the interests of the charities was questioned by the Attorney-General and on January 16, 1959, this court handed down its opinion that the will did not contain any direction against apportionment for taxes and that the 10% for charities should be computed from the residue before deduction of taxes. The present application is for remission to the appraiser because of the alleged mistake in computation of the share of the residuary passing to charity.
The State Tax Commission contends that the mistake is one of law and for that reason the tax order of May 24, 1957, may not be modified or corrected under section 249-aa of the Tax Law or under subdivision 6 of section 20 of the Surrogate’s Court Act.
Section 249-aa of the Tax Law expressly provides for modification or reversal by the Surrogate having jurisdiction within two years from and after the date of entry of the order fixing the tax. Subdivision 6 of section 20 of the Surrogate’s Court Act gives this court power to open, vacate, modify or set aside such order for fraud, newly discovered evidence, clerical error or other sufficient cause. In the opinion of this court, the situation presented is “ other sufficient cause ” similar to a clerical error and justifying the relief requested.
The petitioner claims that the error in this case was a mistake of fact, warranting the correction by this court, and the State Tax Commission argues that it was a mistake of law that could only have been corrected by appeal from the order. In a situation such as this, it is difficult to lay down any clear distinct rule for differentiating mistakes of fact from mistakes of law. What the charities received under the will is a matter of *981 fact; why they received that amount is a matter of law. Whether the will contained a direction against apportionment of taxes is a question of fact; whether the words used in the will were a direction against apportionment is a question of law.
The charities were allotted in the tax proceeding an incorrect amount as their interest in the estate. That is in the nature of a question of fact, a clerical error or similar sufficient cause.
This court has the power to grant the relief sought and in the interests of justice and fair dealing, does grant such relief. The matter will be remitted to the Estate Tax Appraiser for modification, correction and report.
Submit order on five days’ notice in accordance herewith.