Robert W. Bascom, S.
Charles Henry McNeil died June 10, 1964. Thereafter appropriate proceedings were taken by his executrix to determine the tax on his estate under article 26 of the Tax Law, resulting in an order made December 22, 1965 exempting the estate from tax. That pro forma order was made on consent of the State Tax Commission and of the executrix by their respective attorneys. In-Schedule VIII of the return a credit of something in excess of $61,000 was claimed for property received from the estate of one Lincoln McNeil, the date of whose death is nowhere indicated in the return. After the *678 entry of the order of exemption the Tax Commission discovered that Lincoln McNeil had, in fact, died February 12, 1963, his estate having been taxed under article 10-C of the Tax Law, and thus the credit for tax on prior transfers was not available to the Charles Henry McNeil estate. This credit allowed by section 959 of the Tax Law, effective April 1, 1963, applied only to an estate tax imposed by article 26 and not to one imposed by article 10-C. The time to appeal from the pro forma order having expired, the Tax Commission now applies to open that order on the ground that it was erroneous and to modify it by imposing the appropriate tax.
The application is resisted by the executrix who claims that the error, if one there were, was an error of law in misinterpreting section 959 of the Tax Law which could only' have been corrected by appeal, and that the Surrogate has no power under subdivision 6 of section 20 of the Surrogate’s Court Act to grant the relief sought as there is no showing of fraud, newly discovered evidence, clerical error, or other sufficient cause. She also avers that the Tax Commission is guilty of laches in not moving for 15 months, during which time the estate has been entirely distributed to the executrix as sole legatee. The question is thus posed whether the Surrogate has power to correct the erroneous order and, if so, whether the alleged laches would estop the exercise of that power.
As has well been said: “It is difficult to lay down any clear distinct rule for differentiating mistakes of fact from mistakes of law ” (Matter of Smithers, 17 Misc 2d 979, 980). However polemic the question may be in this instance, it seems that the error was one of fact and not a judicial error. The availability of a credit for tax on the prior transfer was not litigated or judicially decided. Both parties mistakenly supposed and assumed the credit was available. The fact as to the date of death of Lincoln McNeil was never beforé the court. The proceeding was conducted on the supposition he had died after article 26 took effect. This then was no error of law and the pro forma order may be corrected unless the plea of laches prevails (Matter of Scrimgeour, 80 App. Div. 388, affd. 175 N. Y. 507; Matter of Jagnow, 148 Misc. 657; Matter of Ford, 198 Misc. 69; Matter of Devlin, 43 Misc 2d 59). Moreover, when the executrix filed her petition to have the tax determined by paragraph “ seventh ” thereof, by Schedule VIII and by the tax computation schedule, she implied thereby that Lincoln McNeil had died subsequent to March 31, 1963, else the credit could not properly have been claimed. At that time either she knew the date of his death' or she did not. In the latter event *679 the resulting computation and exemption from tax was a mistake of fact, the jurisdiction to correct which has already been demonstrated if it is not self-evident. In the former event the implied representation amounted to a constructive fraud, relief from which is equally within the court’s power (Matter of Wing, 162 Misc. 551; Matter of Hooker, 173 Misc. 515).
Another theory has been devised by the courts which supports the power to modify the order here involved. That theory is that the jurisdiction of the Surrogate to impose a tax is derived from and is prescribed and limited by the provisions of the Tax Law. That is, his jurisdiction is limited to making correct and not erroneous determinations thereunder. If he imposes a tax in a manner not prescribed by that law, or upon property not taxable thereby, he acts without jurisdiction and his order is void pro tanto and may subsequently be modified even though the time to appeal has expired. Thus in Matter of Delafield (109 Misc. 342) the taxing order was modified because a widow’s nontaxable dower interest had erroneously and nonjurisdictionally been taxed. In Matter of Coogan (27 Misc. 563, affd. sub nom. People ex rel. Coogan v. Morgan, 45 App. Div. 628, and affd. sub nom. Matter of Coogan v. Morgan, 162 N. Y. 613) tax-exempt United States bonds, over which the Surrogate had no jurisdiction for tax purposes under the law then in effect, were nevertheless taxed, and it was held that the tax was not merely erroneous but illegal for lack of jurisdiction to impose it. In Matter of Morgan (164 App. Div. 854, affd. 215 N. Y. 703) certain remainder interest were found to be nontaxable as not passing under the will, and therefore the Surrogate was without jurisdiction to tax them, and a motion to modify the taxing order made six years later was granted. In Matter of Silliman (79 App. Div. 98, affd. 175 N. Y. 513) executors’ commissions as trustees and additional executors’ commissions coming due by virtue of a conversion of realty into personalty after the taxing order was made had both been taxed. The holding was that the previous assessment of the tax, so far as it included the commissions, was without jurisdiction, and the Surrogate possessed the power to modify two prior decrees to exclude such commissions from tax. (See, also, Matter of Underhill, 117 N. Y. 471.) Between an impost levied without jurisdiction, as in the cases just mentioned, and an exemption from impost resulting from credits not authorized by the statute, as in the instant' case, I can discern no distinct difference.
An abundance of other authorities support the proposition that the pro forma order in such a case as this may be modified either on the ground of mistake of fact or want of jurisdiction *680 (Morgan v. Cowie, 49 App. Div. 612, Matter of O’Berry, 91 App. Div. 3; Matter of Willets, 119 App. Div. 119 affd. 190 N. Y. 527; Matter of Holland, 143 Misc. 851; Matter of Weiss, 275 N. Y. 618; Matter of Brown, 172 Misc. 413; Matter of Troescher, 265 App. Div. 971, affd. 291 N. Y. 760; Tax Law, § 249-aa). I conclude, therefore, that unless laches is a bar, the order of December 22,1965, should be modified.
Whether the decision herein be grounded on lack of jurisdiction to make the original order, or upon mistake of fact, is immaterial on the question of laches. In either event the plea cannot prevail here. If the order sought to be modified were void for want of jurisdiction, laches is no bar to its reopening (Langer v. Wiehl, 207 Misc. 826; Matter of Tucker, 108 Misc. 425). If it were based on mistake of fact and if, for example, the estate had been distributed and rights of third parties had intervened, laches may bar relief (Matter of Devlin, 43 Mise 2d 59, supra). It appears from an affidavit of the attorney for the executrix submitted on this application, that the estate has been distributed. Distribution, however, was to the executrix herself as sole legatee. It further appears from the affidavit that, the executrix, in advance of the taxing order, deposited $1,000 in anticipation of any possible tax, which money is still in the possession of the Tax Commission, and which affiant asks be refunded. It is thus apparent that no rights of third parties have intervened, no one to whom distribution has been made would be called upon to refund moneys for the payment of tax, there is no need to secure repose and quiet for the existing order, and any alleged laches works no injustice if the order be modified.
An order may accordingly be entered reopening- the order of December 22, 1965 and modifying the same by disallowing the credit for tax on the prior transfer from the estate of Lincoln McNeil, and assessing the appropriate tax of $916.23.