■ In the Matter of the Estate of STELLA RADGOWSKI, Deceased. STEPHEN P. RADGOWSKI, as Executor of STELLA RADGOWSKI, Deceased, Appellant; NEW YORK STATE TAX COM-

MISSION, Respondent.—In a proceeding to determine the amount of net New York State tax to be paid by an estate, Stephen P. Radgowski, as executor of the estate of Stella Radgowski, deceased, appeals from an order of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated August 22, 1986, which, upon the appeal of the New York State Tax Commission, pursuant to Tax Law § 249-x, modified a prior pro forma order of the court, dated October 9, 1985, which had, *inter alia,* fixed the net State estate tax, by increasing the amount due from $3,135.49 to $5,505.73.

Ordered that the order is affirmed, with costs payable by the appellant executor personally.

Contrary to the appellant's contention, the pro forma order dated October 9, 1985, which had fixed the net State estate tax was not res judicata as between the parties *(see,* Tax Law § 249-x; *Matter of Ford,* 198 Misc 69, *mot to dismiss appeal granted* 278 App Div 1029; *Matter of McNeil,* 53 Misc 2d 677; *see also, Matter of Scrimgeour,* 175 NY 507). Specifically, the October 9, 1985 pro forma order was based upon a tax return submitted by the executor and not "pleadings framing issues"; it "was granted and entered without even a semblance of a determination of any of the present questions as *issues* before the court at that time" *(see, Matter of Ford, supra,* at 76). Accordingly, after the executor apparently ignored the letters from the New York State Tax Commission, challenging the amount of net State estate tax reported on the return, and requesting that the executor submit an amended pro forma order to the Surrogate's Court, the Commission could properly seek review of the pro forma order dated October 9, 1985, in the Surrogate's Court on the ground that the State estate tax return was false and incomplete *(see,* Tax Law § 249-x; *see also, Matter of McNeil, supra).*

We have considered the appellant's other argument and find it to be without merit. Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.